**No. 2022-2104**

*In the*

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

# CLAIMANT-APPELLANT'S PRINCIPAL BRIEF

*Re*

**SEAN A. RAVIN,**

Claimant-Appellant,

*versus*

**DENIS MCDONOUGH,**
Secretary of Veterans Affairs,

Respondent-Appellee.

**ON APPEAL FROM THE**
**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**
**IN VET. APP. NO. 20-8608, JUDGE MICHAEL P. ALLEN.**

**KENNETH M. CARPENTER**
Carpenter, Chartered
1525 Southwest Topeka Boulevard
Post Office Box 2099
Topeka, Kansas 66601
785-357-5251

Attorney for Claimant-Appellant

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

RAVIN V. DVA, 2022-2104

**Certificate of Interest**

Counsel for the Claimant-Appellant certifies the following information is accurate and complete to the best of my knowledge:

1. **Represented Entities. Fed. Cir. R. 47.4(a)(1).**

   The full name of all entities represented by undersigned counsel in this case:

   Sean A. Ravin.

2. **Real Party in Interest. Fed. Cir. R. 47.4(a)(2).**

   Full names of all real parties in interest for the entities. (Do not list the real parties if they are the same as the entities):

   Same.

3. **Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3).**

   Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more of stock in the entities:

   None.

4. **Legal Representatives. Fed. Cir. R. 47.4(a)(4).**

   List all law firms, partners and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this Court for the entities. (Do not include those who have already entered an appearance in

this court):

Sean A. Ravin, Esq.
1550 MADRUGA AVENUE, SUITE 414
CORAL GABLES, FLORIDA 33146

5. **Related Cases. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).**

The case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal:

None.

6. **Organizational Victims and Bankruptcy Cases. Fed. Cir. R. 47.4(a)(6).**

Any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1( c) (bankruptcy case debtors and trustees):

None.

Date: November 30, 2022

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

## Table of Contents

**Page**

Certificate of Interest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i-ii

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-iv

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v-vi

Statement of Related Cases.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Statement of Subject-Matter and Appellate Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issue.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. Nature of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

B. Statement of Facts, Course of Proceedings and Disposition Below. . . 3

Summary of the Arguments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Arguments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II. This appeal meets the *Williams* criteria to establish this Court's jurisdiction to review the Veterans Court's remand decision . . . . . . . . 7

III. On the merits, the Veterans Court erred by relying upon a misinterpretation of the provisions of 38 U.S.C. § 5104A when it remanded Mr. Ravin's appeal for further proceedings. . . . . . . . . . . . . . 9

Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Addendum - CAVC Memorandum Decision. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Page**

Certificate of Service........................................................ 16

Certificate of Compliance.................................................... 16

## Table of Authorities

**Page**

### Decisions

*Adams v. Principi*, 256 F.3d 1318 (Fed. Cir. 2001).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Medrano v. Nicholson*, 21 Vet. App. 165 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Prenzler v. Derwinski*, 928 F.2d 392 (Fed. Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Williams v. Principi*, 275 F.3d 1361 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 7, 14

### Statutes

38 U.S.C. 5100(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

38 U.S.C. § 5104A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

38 U.S.C. § 5904(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

38 U.S.C. § 7252(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

38 U.S.C. § 7261(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

38 U.S.C. §§ 7292(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

38 U.S.C. §§ 7292(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

38 U.S.C. §7292(d)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

38 U.S.C. §7292(e)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Page**

## Regulations

38 C.F.R. § 3.104(c).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

38 C.F.R. § 14.636(g).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 12, 13

## Other

Appeals Improvement and Modernization Act of 2017 ("AMA"). . . . . . . . . . . . 4, 11

Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 401, 116 Stat. 2820, 2832 (Dec. 6, 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## Statement of Related Cases

Pursuant to Fed. Cir. R. 47.5, undersigned counsel states that no other appeal has been taken in this case in or from the United States Court of Appeals for Veterans Claims before this Court or any other appellate court.

Undersigned counsel further states that he is unaware of any cases pending before this Court which would directly affect this Court's decision in this appeal.

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

## Statement of Subject-Matter and Appellate Jurisdiction

On January 27, 2022, the United States Court of Appeals for Veterans Claims ("Veterans Court") issued a Memorandum Decision that vacated the Board's December 15, 2020 decision that denied Mr. Ravin entitlement to an award of attorney fees based on VA's award of past-due compensation benefits to his client, Mr. Skogsbergh, in a February 2018 rating decision. Rather than reverse the Board's decision, the relief Mr. Ravin requested, the Veterans Court instead remanded his appeal. On March 1, 2022, Mr. Ravin timely appealed the Veterans Court decision to this Court. This Court has jurisdiction to review this decision pursuant to 38 U.S.C. §§ 7292(a), (c). The issue on appeal is entirely an issue of law. The Veterans Court decision appealed from is final.

## Statement of the Issues

Does this appeal meet the *Williams* criteria to invest this Court with authority to review the Veterans Court's remand decision?

On the merits, did the Veterans Court err by relying upon a misinterpretation of 38 U.S.C. § 5104A when it remanded Mr. Ravin's appeal for further proceedings?

## Statement of the Case

### A. Nature of the Case.

This appeal involves two questions of law. First, does the Veterans Court's remand decision meet the criteria to establish this Court's authority to review it for error? Second, once the Veterans Court accepted the Secretary's concession that the Board had erred, did the Veterans Court rely upon a misinterpretation of the provisions of 38 U.S.C. § 5104A when it remanded Mr. Ravin's appeal for further proceedings?

This appeal is from a Board decision made under the new appeal process enacted by Congress in 2017, which became effective in February 2019. At issue is whether or not the Veterans Court misinterpreted § 5104A when it remanded this matter for further proceedings that were unnecessary to its decision, thus exceeding its jurisdiction. In the newly enacted appeal process Congress included a provision which mandates that any finding by a VA adjudicator favorable to the claimant, including the Board, shall be binding on all subsequent adjudicators within the Department of Veterans Affairs ("VA"). The only exception to this statutory requirement is in cases where clear and convincing evidence to the contrary exists to rebut such favorable finding. Because the Board's decision made a finding favorable to Mr. Ravin that his fee agreement was valid, as it was properly filed with VA and contained all required information in accordance with 38 C.F.R. § 14.636(g), under the correct interpretation of § 5104A no lawful basis existed for the Veterans Court to remand this matter.

**B. Statement of the Facts, Course of Proceedings and Disposition Below.**

The veteran Curtis D. Skogsbergh served honorably on active duty in the U.S. Air Force from April 1966 to February 1970. Appx13.[1] In January of 2010 the Board issued a decision denying Mr. Skogsbergh a disability rating greater than 20 percent for his service-connected lumbosacral strain. Appx14-42. At the time the record of proceedings before the Board confirmed that Mr. Skogsbergh asserted he was unemployed and his service-connected disabilities rendered him unemployable. Appx33. However, the Board did not adjudicate whether Mr. Skogsbergh was entitled to a total (100-percent) rating based on individual unemployability ("TDIU") as a result of his service-connected disabilities. Appx33-34.

Mr. Skogsbergh timely filed an appeal of the Board's adverse decision to the Veterans Court. *See* U.S. Vet.App. No. 10-1479; *see also* Appx48-54. In October 2010 Mr. Ravin entered his appearance as Mr. Skogsbergh's legal counsel before the Veterans Court. Appx43-47. In December 2011 the Veterans Court concluded that it had jurisdiction over Mr. Skogsbergh's appeal, found that the Board had erred, and vacated and remanded the Board's January 2010 decision with instructions to the Board to adjudicate the issue of Mr. Skogsbergh's entitlement to a TDIU rating. Appx52-54.

Mr. Ravin continued his representation of Mr. Skogsbergh before VA following

---

[1] References to the Joint Appendix to be filed by the Appellant with his reply brief are cited as "Appx___ ."

remand from the Veterans Court. Appx55-60. In July 2012 the Board remanded the matter to the agency of original jurisdiction ("AOJ"). Appx61-89. The AOJ issued a February 2018 rating decision granting Mr. Skogsbergh entitlement to a TDIU rating, effective from June 9, 2005. Appx97-104. This grant resulted in an award of past-due compensation benefits to Mr. Skogsbergh. The AOJ calculated the amount of past-due TDIU benefits owed to Mr. Skogsbergh as totaling $193,196.16. Appx105. The AOJ withheld payment of 20-percent of this total in the amount of $38,361.91 as attorney fees for potential payment to Mr. Ravin. Appx106-109.

After initially sending notice of its attorney-fee decision to Mr. Ravin to an incorrect address, Appx106, the AOJ sent him a second notice letter in June 2019 denying him entitlement to the fees withheld from Mr. Skogsbergh's award of past-due VA benefits. Appx111-117. As a result, this attorney fee decision was one made pursuant to the newly created appeals process enacted by Congress, i.e., the Appeals Improvement and Modernization Act of 2017 ("AMA"). Prior to the expiration of the period of time within which Mr. Ravin was entitled to appeal this decision, the AOJ prematurely released the fees held by VA for payment to Mr. Ravin pursuant to his fee agreement with Mr. Skogsbergh in the amount of $38,361.91. Appx118. Mr. Ravin then filed a timely Form 10182 notice of disagreement directly to the Board to appeal the AOJ's adverse fee decision denying payment of the fee agreed to in his fee agreement with Mr. Skogsbergh. Appx119-122. This appeal also was pursuant to the newly

enacted AMA. The Board then issued its decision dated December 15, 2020 to confirm and continue the AOJ's denial of attorney fees to Mr. Ravin based on Mr. Skogsbergh's award of past-due compensation benefits. Appx123-132.

Thereafter, Mr. Ravin appealed to the Veterans Court. On January 27, 2022, the Veterans Court issued a Memorandum Decision to vacate the Board's December 15, 2020 decision that denied him entitlement to attorney fees in Mr. Skogsbergh's case. Appx1-5. Before the Veterans Court the Secretary explicitly conceded that the Board had erred. The Veterans Court expressly acknowledged and accepted the Secretary's concession of error. Appx3-4. However, instead of reversing the Board's decision in light of the Secretary's concession of error, the Veterans Court erred by choosing to remand the matter. *Id.* On March 1, 2022, Mr. Ravin timely appealed the Veterans Court decision to this Court. Appx7.

**Summary of the Arguments**

Although the Veterans Court decision on appeal is nonfinal, this decision nonetheless meets the exception to finality set out by this Court in *Williams v. Principi*, 275 F.3d 1361 (2002). The Veterans Court's decision to remand Mr. Ravin's appeal was based on the erroneous determination that the Board's decision about the validity of Mr. Ravin's fee agreement somehow was ambiguous. Based on this flawed determination the Veterans Court deemed further proceedings below were required to allow the Board to fully explain its decision. However, under the correct interpretation and correct

application of the provisions of 38 U.S.C. § 5104A, a remand was neither required nor lawful.

The effect of Congress's enactment of § 5104A was to make such a remand both unnecessary and unlawful. This result is clear because pursuant to § 5104A **all** subsequent VA adjudicators are bound by the favorable findings contained in the Board's 2020 attorney fee decision. This decision was that Mr. Ravin's fee agreement was valid because as it was properly filed with VA and contained all required information in accordance with 38 C.F.R. § 14.636(g). Thus, the Veterans Court's remand order was contrary to the plain language of § 5104A enacted by Congress. On remand the Board adjudicator would have been bound by the prior findings made by the Board in its 2020 decision, unless clear and convincing evidence to the contrary existed to rebut such favorable finding. Therefore, the Veterans Court's remand order was erroneous and must be reversed as a matter of law.

## Arguments

### I.

### Standard of Review.

This Court may decide all relevant questions of law in an appeal from a decision by the Veterans Court. 38 U.S.C. §7292(d)(1). This Court reviews legal determinations of the Veterans Court *de novo*. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). In doing so, this Court may "affirm or if the decision of the Court of Appeals for

Veterans Claims is not in accordance with law, . . . modify or reverse the decision of the Court of Appeals for Veterans Claims or . . . remand the matter as appropriate." 38 U.S.C. §7292(e)(1).

## II.

## This appeal meets the *Williams* criteria to establish this Court's jurisdiction to review the Veterans Court's remand decision.

Remand orders from the Veterans Court ordinarily are not appealable to this Court because they are not final decisions. *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001). However, this Court has held that it will depart from its general rule of finality when the Veterans Court remands a matter for further proceedings and this Court determines that certain conditions have been satisfied. *See Williams v. Principi*, 275 F.3d 1361 (Fed. Cir. 2002). These conditions are:

> (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings[,] or, (c) **if reversed by this court, would render the remand proceedings unnecessary**;
>
> (2) the resolution of the legal issues must adversely affect the party seeking review; and
>
> (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.

*See Williams*, 275 F.3d at 1364 (internal footnotes omitted) (emphasis added).

Here, all the foregoing elements to establish an exception to the finality rule are present. First, there was a clear and final decision on the legal issue presented by Mr. Ravin's appeal. This decision was that the Board's legal conclusion that the prior January 2010 Board decision was not a final decision was incorrect, and therefore the Veterans Court was correct to vacate it. That determination was separate from the Veterans Court's remand order. The Veterans Court's determination to remand rather than reverse was based on its purported inability to tell what the Board meant when the Board favorably found Mr. Ravin's fee agreement to be a valid one.

However, under the correct interpretation of § 5104A, this was not a matter which should have been before the Veterans Court. Pursuant to § 5104A the issue of the validity of Mr. Ravin's fee agreement was settled. And moreover, there can be no question that § 5104A would directly govern the remand proceedings and, if reversed by this court, would render the remand proceedings unnecessary. As in *Adams*, *supra*, the remand in this matter deprives Mr. Ravin of his right to a decision in his favor on the record as it now stands and might result in that issue becoming moot after further proceedings before the Board. For these reasons, and because the Veterans Court's decision to remand in this case was both unnecessary and contrary to law, Mr. Ravin's appeal satisfies the requirements for this Court to find that the exception to the finality rule has been established.

## III.

## On the merits, the Veterans Court erred by relying upon a misinterpretation of the provisions of 38 U.S.C. § 5104A when it remanded Mr. Ravin's appeal for further proceedings.

The Veterans Court expressly acknowledged and accepted the Secretary's concession that the underlying Board decision in this matter was erroneous. That is, the Veterans Court correctly determined:

> As the Secretary concedes, the Board's conclusion that its January 2010 decision was not a final decision because the Court vacated it was incorrect. The law is clear that such an action by the Court does not render the Board's decision non-final for purposes of an award of fees. So, that resolves the question whether the Board erred. It did.

*See* Appx4 (internal footnotes omitted). Based on this determination, the required remedy was for the Veterans Court to reverse the Board's Order that denied Mr. Ravin entitlement to attorney fees based on the past-due benefits awarded to Mr. Skogsbergh by the AOJ in a February 2018 rating decision. Appx124. Indeed, based on the correct interpretation and application of 38 U.S.C. § 5104A this should have been the end of this appeal.

Instead, the Veterans Court misinterpreted and misapplied the provisions § 5104A, which led to the erroneous denial of the relief Mr. Ravin was entitled to receive by law. How the Veterans Court erred in its understanding and application of the provisions of § 5104A is shown by the following passage from its decision:

> And this brings us to the disagreement between the parties. The Secretary argues that even though the Board erred when it determined the January 2010 did not qualify as a final decision for fee purposes, the error was harmless. He reasons that the facts are clear that appellant does not qualify for a fee under the regulation because he did not file a fee agreement at the Agency within 1 year of the January 2010 Board decision. In reply, appellant argues that the Board favorably found that the agreement was valid and properly filed, thereby preventing the Court from addressing that issue.
>
> We conclude that the Board's decision is ambiguous on the question that divides the parties. The Board stated: "The Board finds the [fee] agreement to be valid, as it was properly filed with VA and contains all the required information in accordance with 38 C.F.R. § 14.636(g)." This statement could—*could*—support appellant's view that the Board favorably found that all the requirements for receipt of fee other than a final Board decision had been established. But the statement is also consistent with the Secretary's view that the Board was merely making a general comment about the nature of the fee agreement that was filed, regardless of the requirement that it be filed within a year of a Board decision. The reality is that we can't tell. The best course is to remand this issue for the Board to specifically address it. And we remind the Board that it must fully explain its decision, including addressing its previous finding we quoted above.

*See* Appx4 (internal footnote omitted). However, if the Veterans Court had correctly interpreted § 5104A it is abundantly clear that remanding Mr. Ravin's appeal was **<u>not</u>** the "best course" to resolve this matter.

The Veterans Court noted the Board made a finding favorable to the claimant, Mr. Ravin, that his fee agreement was valid and contained "all the required information

in accordance with 38 C.F.R. § 14.636(g)." *See* Appx4 (quoting Appx126-127). The fee decision on appeal was issued by VA on June 27, 2019. Appx111-117. Therefore, this matter was decided under the provisions of the AMA. As such, § 5104A was to be applied by VA and the Veterans Court. This applicable statutory provision required that,

> Any finding favorable to the claimant as described in section 5104(b)(4) of this title **shall be binding** on all subsequent adjudicators within the Department, unless clear and convincing evidence is shown to the contrary to rebut such favorable finding.

*See* 38 U.S.C. § 5104A (emphasis added). Significantly, the regulation the Secretary promulgated to implement § 5104A imposed an even higher evidentiary burden on VA adjudicators to rebut any such a favorable finding. Moreover, the implementing regulation also extended its application to all Board adjudications. The text of this regulation reads as follows:

> Favorable findings. Any finding favorable to the claimant made by either a VA adjudicator, as described in § 3.103(f)(4), or by the Board of Veterans' Appeals, as described in § 20.801(a) of this chapter, is binding on all subsequent agency of original jurisdiction and Board of Veterans' Appeals adjudicators, **unless rebutted by evidence that identifies a clear and unmistakable error in the favorable finding**. For purposes of this section, a finding means a conclusion either on a question of fact or on an application of law to facts made by an adjudicator concerning the issue(s) under review.

*See* 38 C.F.R. § 3.104(c) (emphasis added). In addition, the Secretary's regulation expressly provided a clear definition of what constitutes a "favorable finding", which the

regulation provides as follows:

> For purposes of this section, a finding means a conclusion either on a question of fact or on an application of law to facts made by an adjudicator concerning the issue(s) under review.

*Id.*

This definition of "favorable finding" provided by the Secretary's regulation removes any doubt as to its applicability in this matter. The underlying Board decision undebatably made contained a conclusion "on an application of law to facts". This conclusion was that Mr. Ravin's fee agreement was valid, as it was properly filed with VA and **<u>contained all required information in accordance with 38 C.F.R. § 14.636(g)</u>**. Appx126-127. Thus, as a matter of both fact and law, the Veterans Court was wrong when it concluded that the Board's decision was "ambiguous". Appx4. That is, that it was unclear whether Mr. Ravin's fee agreement was valid and that it contained all required information in accordance with 38 C.F.R. § 14.636(g). In light of the foregoing, there can be no doubt that the Veterans Court misinterpreted and misapplied the provisions of § 5104A.

In the provisions of 38 U.S.C. § 7252(a) Congress expressly authorized the Veterans Court to "to affirm, modify, or reverse a decision of the Board **<u>or to remand the matter</u>**, as appropriate." *See* 38 U.S.C. § 7252(a) (emphasis added). In this matter reversal, and not remand, was the appropriate remedy. Under the correct interpretation

of § 5104A the Board would have been bound by its favorable finding of fact that Mr. Ravin's fee agreement was valid and that it contained all required information in accordance with 38 C.F.R. § 14.636(g). In this vein it is also worth noting that the Veterans Court's remand decision also was contrary to its statutory jurisdiction and its own case law. In fact, the Veterans Court's statutory scope of review is entirely consistent with the Secretary's regulation at 38 C.F.R. § 3.104(c) in that it does not permit the Veterans Court to reverse findings of fact favorable to a claimant made by the Board. *See* 38 U.S.C. § 7261(a)(4) (as amended by the Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 401, 116 Stat. 2820, 2832 (Dec. 6, 2002) (providing for Court to reverse or set aside only findings of fact "adverse to the claimant"). As well, the Veterans Court also has enshrined this restriction on its review authority in its case law. *See, e.g.*, *Medrano v. Nicholson*, 21 Vet. App. 165, 170 (2007).

A final matter before ending, the Court may find that the Secretary is tempted to argue in the Secretary's brief that Mr. Ravin is not a "claimant" and therefore § 5104A does not apply to him. However, Congress has defined the term "claimant" to mean **<u>any</u>** individual applying for or submitting a claim for **<u>any</u>** benefit under the laws administered by the Secretary. *See* 38 U.S.C. 5100(1). As an attorney who provides legal services to veterans before VA and the courts that review VA decisions, Mr. Ravin is an individual who was implicitly applying "under the laws administered by the Secretary" for the benefit of having his attorney fee withheld and paid by the Secretary. He is

entitled to this benefit under the provisions of 38 U.S.C. § 5904(d). This implicit application by Mr. Ravin resulted in VA's June 27, 2019 fee decision, Appx111-117, which clearly equates to a decision for a benefit under the laws administered by the Secretary. Thus, there can be no question that in this context Mr. Ravin is a claimant as defined by Congress.

## Conclusion

For the foregoing reasons, the Court should determine that this appeal meets the *Williams* test as an exception to the finality requirement and that its review authority has been established. Further, on the merits, this Court must reverse the Veterans Court's decision to remand, and instruct the Veterans Court in turn to reverse the Board's Order denying Mr. Ravin the fee called for in his fee agreement with Mr. Skogsbergh. Furthermore, the Veterans Court should be instructed to direct the Board instead to order the Secretary to pay Mr. Ravin the fee called for in his fee agreement because it is valid and controlling as a matter of law.

Respectfully Submitted,

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

Attorney for Claimant-Appellant

# ADDENDUM - CAVC MEMORANDUM DECISION

*Designated for electronic publication only*

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 20-8608

SEAN A. RAVIN, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before ALLEN, *Judge*.

**MEMORANDUM DECISION**

*Note: Pursuant to U.S. Vet. App. R. 30(a),*
*this action may not be cited as precedent.*

ALLEN, *Judge*: Appellant Sean A. Ravin is a lawyer who represented veteran Curtis D. Skogsbergh. Mr. Skogsbergh served the Nation honorably in the United States Air Force from April 1966 to February 1970.[1] Appellant appeals a December 15, 2020, decision of the Board of Veterans' Appeals that denied entitlement to attorney fees based on past due benefits awarded to the veteran in a February 2018 rating decision granting entitlement to a total disability rating based on individual unemployability (TDIU).[2] As we will explain, we will vacate the Board's decision and remand this matter for further proceedings.

## I. BACKGROUND

As will become clear, the reason the Court will vacate the Board's decision and remand this matter is quite straightforward. However, to understand the bases for our decision, it's helpful to have a chronology of the veteran's claims and appellant's role in them.

[1] Record (R.) at 6162.

[2] R. at 3-11.

In July 1970, shortly after he left service, VA granted the veteran service connection for a lumbosacral strain and assigned a 10% disability for that condition.[3] Fast forwarding, in a July 2002 rating decision a VA regional office (RO) granted the veteran an increase to 20% in his disability rating for the lumbosacral strain.[4] The veteran disagreed with this decision.[5]

During the course of his appeal, namely in November 2006, the veteran submitted a statement to VA concerning the effect his service-connected disabilities had on his ability to work.[6] After treating the statement as a request for TDIU, the RO denied entitlement to TDIU in a May 2007 rating decision.[7]

The veteran's administrative appeal concerning his lumbosacral strain rating reached the Board, which, in January 2010, issued a decision that denied a disability rating greater than 20% for that condition.[8] The Board did not mention entitlement to TDIU.[9] Acting pro se, the veteran appealed the Board's decision to the Court.[10] In October 2010, appellant entered his appearance for the veteran with the Court.[11] In December 2011, the Court issued a memorandum decision vacating the Board decision, holding that the Board erred by not addressing entitlement to TDIU.[12]

With the matter back at the Agency, in January 2012 the veteran and appellant filed a VA Form 21-22a and a fee agreement with VA.[13] In July 2012, the Board remanded the matter.[14] After a rather long period about which we've not been provided details, a February 2018 rating decision granted the veteran entitlement to TDIU effective June 9, 2005.[15] The RO later calculated the past

---

[3] R. at 6126.

[4] R. at 5750-52. The RO also granted the veteran service connection for hearing loss.

[5] R. at 5672-76.

[6] R. at 4636-40.

[7] R. at 4600-14.

[8] R. at 4407-36.

[9] *Id.*

[10] R. at 3948-52.

[11] *Id.*

[12] R. at 3981-87.

[13] R. at 3955-62.

[14] R. at 3889-917.

[15] R. at 1124-31.

due TDIU benefits for the veteran to be $193,196.16 and it withheld payment of 20% of that amount ($38,361.91) for potential payment to appellant as attorney fees.[16]

After originally sending the notice to an incorrect address, the RO sent appellant a letter in June 2019 denying entitlement to fees.[17] The RO also released the withheld $38,361.91 to the veteran.[18] Appellant disagreed with the RO's fee decision and elected direct review to the Board.[19] This led to the decision on appeal in which the Board also denied entitlement to fees.

## II. ANALYSIS

We'll begin with the significant agreements between the parties. First, the parties agree—and the Court concurs—that because the Notice of Disagreement that is germane to the dispute was filed before June 19, 2007, the relevant standard for the award of fees is found in 38 C.F.R. § 14.636(c), particularly as follows:

> (2) In cases in which a Notice of Disagreement was filed on or before June 19, 2001, agents and attorneys may charge a fee only for services provided after both of the following conditions have been met:
> (i) A final decision was promulgated by the Board with respect to the issue, or issues, involved in the appeal; and
> (ii) The agent or attorney was retained not later than 1 year following the date that the decision by the Board was promulgated. (This condition will be considered to have been met with respect to all successor agents or attorneys acting in the continuous prosecution of the same matter if a predecessor was retained within the required time period.) [20]

The second ground of agreement is that the Board erred when it determined that the January 2010 Board decision (the relevant decision for fee purposes) was not a final Board decision for purposes of the regulation. The Board reasoned that the January 2010 decision did not qualify for fee purposes because "the Court vacated the Board's decision and remanded TDIU for further adjudication. Therefore, the January 2010 decision was not a final Board decision."[21]

---

[16] R. at 1106.

[17] R. at 758-64.

[18] R. at 1056.

[19] R. at 232-35.

[20] 38 C.F.R. § 14.636(c)(2)(i) (2008).

[21] R. at 8.

As the Secretary concedes,[22] the Board's conclusion that its January 2010 decision was not a final decision because the Court vacated it was incorrect. The law is clear that such an action by the Court does not render the Board's decision non-final for purposes of an award of fees.[23] So, that resolves the question whether the Board erred. It did.

And this brings us to the disagreement between the parties. The Secretary argues that even though the Board erred when it determined the January 2010 did not qualify as a final decision for fee purposes, the error was harmless. He reasons that the facts are clear that appellant does not qualify for a fee under the regulation because he did not file a fee agreement at the Agency within 1 year of the January 2010 Board decision. In reply, appellant argues that the Board favorably found that the agreement was valid and properly filed, thereby preventing the Court from addressing that issue.

We conclude that the Board's decision is ambiguous on the question that divides the parties. The Board stated: "The Board finds the [fee] agreement to be valid, as it was properly filed with VA and contains all the required information in accordance with 38 C.F.R. § 14.636(g)."[24] This statement could—*could*—support appellant's view that the Board favorably found that all the requirements for receipt of fee other than a final Board decision had been established. But the statement is also consistent with the Secretary's view that the Board was merely making a general comment about the nature of the fee agreement that was filed, regardless of the requirement that it be filed within a year of a Board decision. The reality is that we can't tell. The best course is to remand this issue for the Board to specifically address it. And we remind the Board that it must fully explain its decision, including addressing its previous finding we quoted above.

## III. CONCLUSION

After consideration of the parties' briefs, the governing law, and the record, the Court SETS ASIDE the December 15, 2020, Board decision and REMANDS this matter for further proceedings consistent with this decision.

---

[22] *See* Secretary's Brief (Br.) at 6.

[23] *See In the Matter of the Fee Agreement of Cox*, 11 Vet.App. 158, 162 (1998); *In the Matter of the Fee Agreement of Smith*, 10 Vet.App. 311, 314 (1997).

[24] R. at 5-6.

DATED: January 27, 2022

Copies to:

Sean A. Ravin, Esq.

VA General Counsel (027)

**Certificate of Service**

I certify that on the 30th day of November, 2022, the foregoing opening brief was electronically filed through CM/ECF system with the Clerk, United States Court of Appeals for the Federal Circuit. Copies of the document were served through the Court's CM/ECF system via the Notice of Docket Activity to:

Tanya B. Koenig, Esq.
Department of Justice
Civil Division, Commercial Litigation Branch
tanya.b.koenig@usdoj.gov

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

**Certificate of Compliance**

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, Appellant's counsel certifies that this Brief complies with the Court's type-volume limitation rules. This brief was printed in Garamond font at 14 points. According to the word-count calculated, using WordPerfect v.X6, this Brief contains a total of 3388 words, which is within the 14,000 word limit.

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com