2022-2104

IN THE UNITED STATES COURT APPEALS FOR THE FEDERAL CIRCUIT

**SEAN A. RAVIN,**

**Claimant-Appellant,**

**v.**

**DENIS MCDONOUGH,**
**SECRETARY OF VETERANS AFFAIRS,**

**Respondent-Appellee.**

Appeal from the United States Court of Appeals for Veterans Claims,
No. 20-8608, Judge Allen

**BRIEF FOR RESPONDENT-APPELLEE**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

CLAUDIA BURKE
Assistant Director

KYLE S. BECKRICH
Trial Attorney
Commercial Litigation Branch
Department of Justice, Civil Division
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-9322

*Attorneys for Appellee*

OF COUNSEL:

CHRISTA A. SHRIBER
Deputy Chief Counsel

MEGHAN D. ALPHONSO
Staff Attorney
Office of the General Counsel
Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 20420

March 10, 2023

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

STATEMENT OF THE ISSUES ........ 1

STATEMENT OF THE CASE ........ 1

I. Nature Of This Appeal ........ 1

II. Statement Of Facts And Course Of Proceedings Below ........ 2

SUMMARY OF THE ARGUMENT ........ 6

ARGUMENT ........ 7

I. Jurisdiction And Standard Of Review ........ 7

II. This Court Should Decline To Review This Non-Final Remand Order And Should Dismiss This Appeal ........ 9

III. This Court Lacks Jurisdiction To Consider Mr. Ravin's Factual Arguments, And Those Arguments Fail In Any Event ........ 13

CONCLUSION ........ 17

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Adams v. Principi*,
256 F.3d 1318 (Fed. Cir. 2001) ....................8, 13

*Allen v. Principi*,
237 F.3d 1368 (Fed. Cir. 2001) ....................10

*Buchert v. Shinseki*,
423 F. App'x 988 (Fed. Cir. 2011) ....................15

*Cabot Corp. v. United States*,
788 F.2d 1539 (Fed. Cir. 1986) ....................8

*Cook v. Principi*,
353 F.3d 937 (Fed. Cir. 2003) ....................15

*Firestone Tire & Rubber Co. v. Risjord*,
449 U.S. 368 (1981)....................8

*Githens v. Shinseki*,
676 F.3d 1368 (Fed. Cir. 2012) ....................14

*Guillory v. Shinseki*,
669 F.3d 1314 (Fed. Cir. 2012) ....................15

*Hensley v. West*,
212 F.3d 1255 (Fed. Cir. 2000) ....................13

*Joyce v. Nicholson*,
443 F.3d 845 (Fed. Cir. 2006) ....................8

*Keel v. Wilkie*,
830 F. App'x 315 (Fed. Cir. 2020) ....................13

*Milo & Gabby LLC v. Amazon.com, Inc.*,
693 F. App'x 879 (Fed. Cir. 2017) ....................11

*Mlekoday v. Shinseki*,
545 F. App'x 974 (Fed. Cir. 2013) ....................15

*Singleton v. Shinseki*,
659 F.3d 1332 (Fed. Cir. 2011) .......................................................................7

*Swearigan v. McDonald*,
603 F. App'x 1005 (Fed. Cir. 2015) .....................................................................15

*Travelstead v. Derwinski*,
978 F.2d 1244 (Fed. Cir. 1992) .......................................................................8

*Wanless v. Shinseki*,
618 F.3d 1333 (Fed. Cir. 2010) .......................................................................7

*Williams v. Principi*,
275 F.3d 1361 (Fed. Cir. 2002) ................................................................... passim

*Winn v. Brown*,
110 F.3d 56 (Fed. Cir. 1997) .........................................................................8

**Statutes**

38 U.S.C. § 5104A ................................................................................ passim

38 U.S.C. § 7292 ...................................................................................7

**Regulations**

38 C.F.R. § 3.104 ..................................................................................16

38 C.F.R. § 14.636 ................................................................................ passim

38 C.F.R. § 14.636 (2008) ........................................................................ passim

## STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rule 47.5, respondent-appellee's undersigned counsel states that he is unaware of any other appeal in or from the same action or proceeding below, at the United States Court of Appeals for Veterans Claims, that was previously before this Court or any other appellate court, and is also unaware of any case pending before this Court or any other court or agency that will directly affect or be directly affected by this Court's decision in this appeal.

BRIEF FOR RESPONDENT-APPELLEE

---

2022-2104

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

---

SEAN A. RAVIN,

Claimant-Appellant,

v.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS,

Respondent-Appellee.

---

## STATEMENT OF THE ISSUES

1. Whether this Court lacks jurisdiction to review a remand decision of the Court of Appeals for Veterans Claims (Veterans Court) rather than a final decision.

2. Whether this Court should entertain Mr. Ravin's factual disputes which do not involve any legal interpretation by the Veterans Court.

## STATEMENT OF THE CASE

### I. Nature Of This Appeal

Claimant-appellant, Sean A. Ravin, appeals the decision of the Veterans Court in *Sean A. Ravin v. Denis McDonough, Secretary of Veterans Affairs*, No.

20-8608 (Vet. App. Jan. 27, 2022), vacating and remanding the December 14, 2020, decision of the Board of Veterans' Appeals (board), which denied entitlement to attorney fees based on past due benefits awarded to the veteran. Appx 1-5.[1] The Veterans Court held that remand was necessary because (1) the board erred when it determined that its January 2010 decision was not a final board decision and (2) the board's decision was ambiguous as to whether the fee agreement was valid and properly filed. Appx3-4.

## II. Statement Of Facts And Course Of Proceedings Below

In July 1970, the Department of Veterans Affairs (VA) granted the veteran, Curtis D. Skogsbergh, service connection for a lumbosacral strain with a 10 percent disability rating. Appx2. In a July 2002 rating decision, a VA regional office increased Mr. Skogsbergh's disability rating to 20 percent, and Mr. Skogsbergh disagreed with this decision. *Id.* In November 2006, while his appeal was pending, Mr. Skogsbergh submitted a statement to VA concerning the effect of his service-connected disabilities on his ability to work. *Id.* The VA regional office (RO) treated that statement as a claim for a total disability rating

[1] "Appx__" refers to pages to in the Joint Appendix.

based on individual unemployability (TDIU) and denied entitlement to TDIU in May 2007. *Id.*

In January 2010, the board denied a disability rating greater than 20 percent for Mr. Skogsbergh's lumbosacral strain but did not address TDIU. *Id.* Acting *pro se*, Mr. Skogsbergh appealed the board's decision to the Veterans Court. *Id.* In October 2010, Mr. Ravin entered his appearance for Mr. Skogsbergh with the court as "attorney without charge." Appx45. In December 2011, the court vacated the board's decision, holding that the board erred by not addressing entitlement to TDIU. Appx2.

In January 2012, Mr. Skogsbergh and Mr. Ravin filed a VA Form 21-22a, Appointment of Individual as Claimant's Representative, and a fee agreement with VA. *Id.* In July 2012, the board remanded the matter. *Id.* In February 2018, the RO granted entitlement to TDIU effective June 9, 2005, and calculated that the past-due benefits awarded to Mr. Skogsbergh would be $193,196.16. Appx2-3. The RO initially withheld 20 percent of that amount, $38,361.91, for potential payment as attorney fees. Appx3. In June 2019, the RO sent Mr. Ravin a letter denying entitlement to fees and subsequently released the withheld funds to Mr.

Skogsbergh. *Id*. Mr. Ravin disagreed with the RO's fee decision and requested direct review from the board. *Id*.

In December 2020, the board denied entitlement to attorney fees based on past-due benefits awarded in the RO's February 2018 rating decision, which granted entitlement to TDIU. Appx124. The board determined that the notice of disagreement underlying the February 2018 rating decision at issue was filed before June 20, 2007.[2] Appx3; Appx124. Thus, the relevant standard for the award of fees is found in 38 C.F.R. § 14.636(c)(2) (2008),[3] and requires first that a "final decision was promulgated by the Board with respect to the issue, or issues, involved in the appeal" and second that the "agent or attorney was retained not later than 1 year following the date that the decision by the Board was promulgated." 38 C.F.R. § 14.636(c)(2) (2008).

The board then found that its January 2010 decision was not a final decision on the issue of entitlement to TDIU because the Veterans Court "vacated the Board's decision and remanded TDIU for further adjudication." Appx129. Thus, the board concluded that, because there was no final board decision concerning entitlement to TDIU, "entitlement to attorney fees based on the past-due benefits

---

[2] Mr. Ravin did not dispute this finding to the Veterans Court below. *See* Appx3.

[3] This paragraph, with identical language, is now located at 38 C.F.R. § 14.636(c)(3) in the current version of the Code of Federal Regulations.

award in the February 2018 rating decision is denied." Appx130. Relevant to this appeal, in describing the background of the case, the board discussed the VA Form 21-22 and fee agreement signed by Mr. Skogsbergh and Mr. Ravin. With respect to the fee agreement, the board stated that it "finds the agreement to be valid, as it was properly filed with VA and contains all required information in accordance with 38 C.F.R. § 14.636(g)." Appx126-127.

Before the Veterans Court, both the Secretary and Mr. Ravin agreed that the board erred because the board's conclusion that the January 2010 decision was non-final was incorrect. Appx4. However, the Secretary argued that such error was harmless because Mr. Ravin did not satisfy the second requirement under 38 C.F.R. § 14.636(c)(2) (2008) because he did not file his VA Form 21-22a and fee agreement within one year of the January 2010 board decision. *Id.* Mr. Ravin, in response, argued that the board favorably found that the agreement was valid and properly filed, which prevented the Veterans Court from addressing that issue. *Id.*

The Veterans Court concluded that the board's decision was ambiguous regarding the fee agreement's required filing under the regulation. *Id.* The court recognized the board's statement that it "finds the [fee] agreement to be valid, as it was properly filed with VA and contains all the required information in accordance with 38 C.F.R. § 14.636(g)" and found that:

> This statement could—*could*—support [Mr. Ravin's] view that the Board favorably found that all the requirements for receipt of fee other than a final

> Board decision had been established. But the statement is also consistent with the Secretary's view that the Board was merely making a general comment about the nature of the fee agreement that was filed, regardless of the requirement that it be filed within a year of a Board decision. The reality is that we can't tell.

*Id*. (emphasis in original). Thus, the Veterans Court concluded that the "best course is to remand this issue for the Board to specifically address it." *Id*.

In its January 27, 2022 decision, the Veterans Court agreed with the parties that the board erred in concluding that the January 2010 decision was not final. *Id*. The court then exercised its discretion, setting aside the board's December 15, 2020 decision and remanding the matter for the board to fully explain its decision. *Id*.

## SUMMARY OF THE ARGUMENT

The Court is without jurisdiction to consider this appeal. The appeal is based on misrepresentations of the record designed to attempt to fit this case into the limited situations when this Court will review Veterans Court remands, as explained in *Williams v. Principi*, 275 F.3d 1361 (Fed. Cir. 2002). However, this must fail for two interrelated reasons.

First, the Court will only depart from the strict rule of finality and review Veterans Court remands when three conditions are satisfied, one of which being that the Veterans Court must have made a clear and final decision on a legal issue as part of the remand. *See Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir.

2002). This is simply not the case here. The supposed legal errors made by the Veterans Court do not exist and the Veterans Court did not make any decision on any legal issue that would warrant this Court's review. The Veterans Court decision does not conflict with any law or precedent. Separate from incorrectly seeking review of a non-final remand order, this appeal solely concerns facts, or, at most, the application of law to fact. Second, none of the other factors in *Williams* are satisfied.

Accordingly, this Court should dismiss the appeal, or, in the alternative, affirm the Veterans Court's decision.

## ARGUMENT

### I. Jurisdiction And Standard Of Review

This Court possesses limited jurisdiction over appeals from the Veterans Court. *See Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Pursuant to 38 U.S.C. § 7292(a), this Court may review a Veterans Court decision "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." It may not, however, "review the Veterans Court's factual findings or its application of law to facts absent a constitutional issue." *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011) (citing 38 U.S.C. § 7292).

Further, this Court has declined to review non-final orders of the Veterans

Court, "on prudential grounds." *Joyce v. Nicholson*, 443 F.3d 845, 849 (Fed. Cir. 2006) (quoting *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002)). The finality requirement "serves the important purpose of promoting efficient judicial administration." *Williams*, 275 F.3d at 1364 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). The finality rule "'emphasizes the deference that appellate courts owe to the trial judge' and reduces harassment of opponents and the clogging of the courts through successive appeals." *Id*. As a corollary to this rule, this Court has recognized "that an order remanding a matter to an administrative agency for further findings and proceedings is not final." *Cabot Corp. v. United States*, 788 F.2d 1539, 1542 (Fed. Cir. 1986); *Travelstead v. Derwinski*, 978 F.2d 1244, 1247 (Fed. Cir. 1992). Accordingly, this Court has generally declined to review remand orders by the Veterans Court "because they are not final judgments." *Williams*, 275 F.3d at 1363 (quoting *Winn v. Brown*, 110 F.3d 56, 57 (Fed. Cir. 1997)); *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001).

This Court has recognized a "collateral order" exception to the final judgment rule when a decision remanding a case to an administrative agency renders an important legal question effectively unreviewable later in the litigation. *Winn*, 110 F.3d at 57; *see also Travelstead*, 978 F.2d at 1247-49. Under this exception, this Court will depart from the finality rule in *Williams* only if the

following three conditions are satisfied:

> (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this [C]ourt, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Williams*, 275 F.3d at 1364 (footnotes omitted).

## II. This Court Should Decline To Review This Non-Final Remand Order And Should Dismiss This Appeal

This Court should decline to review the Veterans Court's remand decision because Mr. Ravin's case does not meet the criteria this Court articulated in *Williams*. First, *Williams* requires that the Veterans Court make "a clear and final decision of a legal issue." *Williams*, 275 F.3d at 1365. In addressing this first prong, Mr. Ravin argues, in no uncertain terms, that the Veterans Court's "clear and final decision on the legal issue presented by Mr. Ravin" was its decision "that the Board's legal conclusion that the prior January 2010 Board decision was not a final decision was incorrect," which he states was "separate from the Veterans Court's remand order." Appellant's Brief (App.'s Br.) at 8. Mr. Ravin fails to explain, however, how the Veterans Court resolution of this "legal issue" will directly govern the remand proceedings. The remand proceedings will not involve the question of whether January 2010 board decision was a final decision, and thus

the first *Williams* prong is not satisfied. *Cf. Allen v. Principi*, 237 F.3d 1368, 1373 (Fed. Cir. 2001) ("[T]he Veterans Court's order, here, will unquestionably affect the remand proceeding, as the Veterans Court's erroneous interpretation of the statute, on which it plainly relied, completely precludes Allen from using his alcohol abuse disability to increase his rating level.").

Moreover, the Veterans Court's determination that the board's January 2010 decision was a final decision does not "adversely affect the party seeking review,"— the second requirement in *Williams*. *See Williams*, 275 F.3d at 1364. In fact, that legal determination is exactly what was argued by Mr. Ravin and conceded by the Secretary in the proceedings below. Appx3-4, 142, 144. Mr. Ravin argued to the Veterans Court that "the Board's conclusion that a January 2010 Board decision was not a final decision on the issue of entitlement to a TDIU is not in accordance with applicable law." Appx142. Accordingly, the legal issue identified by Mr. Ravin was an issue that the Veterans Court decided *in his favor* and does not adversely affect him.

Finally, this case does not satisfy the third *Williams* requirement. Mr. Ravin does not attempt to argue that the Veterans Court incorrectly decided that the board's January 2010 decision was a final decision. Accordingly, there can be no concern that the remand will moot an issue upon which Mr. Ravin does not even currently seek review.

Apparently recognizing that the legal issue identified under the first *Williams* prong could not serve as a basis for this Court to exercise jurisdiction, Mr. Ravin then pivots and contends that the "Veterans Court's determination to remand rather than reverse was based on its purported inability to tell what the board meant when the board favorably found Mr. Ravin's fee agreement to be a valid one" and that such a determination was due to the Veterans Court misinterpretation of 38 U.S.C. § 5104A.[4] App.'s Br. at 8. He argues that "there can be no question that § 5104A would directly govern the remand proceedings and, if reversed by this [C]ourt, would render the remand proceedings unnecessary." *Id.* He is seemingly making the argument that this other issue, which he does not argue satisfied the first *Williams* prong, would then somehow satisfy the second and third *Williams* prongs. *Id.*; *see Williams*, 275 F.3d at 1364. To the extent Mr. Ravin tries to argue in his reply brief that the Veterans Court's alleged misinterpretation of 38 U.S.C. § 5104A satisfies the first *Williams* prong, this argument is waived. *Milo & Gabby LLC v. Amazon.com, Inc.*, 693 F. App'x 879, 891 (Fed. Cir. 2017). Moreover, the argument fails.

[4] Pursuant to 38 U.S.C. § 5104A, "[a]ny finding favorable to the claimant as described in section 5104(b)(4) of this title shall be binding on all subsequent adjudicators within the Department, unless clear and convincing evidence is shown to the contrary to rebut such favorable finding." Section 5104(b)(4) provides that, in a notice of decision, the Secretary shall include "[i]dentification of findings favorable to the claimant."

The Veterans Court made the factual finding that the board's statement regarding the validity of Mr. Ravin's fee agreement was ambiguous and therefore not necessarily a favorable finding, stating:

> We conclude that the Board's decision is ambiguous on the question that divides the parties. The Board stated: "The Board finds the [fee] agreement to be valid, as it was properly filed with VA and contains all the required information in accordance with 38 C.F.R. § 14.636(g)." This statement could—*could*—support appellant's view that the Board favorably found that all the requirements for receipt of fee other than a final Board decision had been established. But the statement is also consistent with the Secretary's view that the Board was merely making a general comment about the nature of the fee agreement that was filed, regardless of the requirement that it be filed within a year of a Board decision. The reality is that we can't tell.

Appx4 (emphasis in original). This is simply not a "clear and final decision of a legal issue" as it is instead a factual finding that the board's language was ambiguous. *Id*. Further, Mr. Ravin is entirely mistaken in his contention that the Veterans Court was even required to consider 38 U.S.C. § 5104A, as it had yet to make the factual determination as to whether a favorable finding had even been made. *See id.* Rather, the Veterans Court determined that "the best course is to remand this issue for the Board to specifically address it." *Id*.

Thus, the Veterans Court's remand order did not contain a final decision on the legal issue on which Mr. Ravin bases the second and third prongs under *Williams*, i.e., whether the board made a favorable finding that Mr. Ravin's fee agreement met all requirements under 38 C.F.R. § 14.636(c)(2), including whether it was filed within one year of the decision promulgated by the board, which would

then be binding under section 5104A. *See Williams*, 275 F.3d at 1364; *see also* 38 U.S.C. § 5104A; 38 C.F.R. § 14.636(c)(2). The remand decision in Mr. Ravin's case neither cites to nor even implicates 38 U.S.C. § 5104A. Appx1-4.

This Court should dismiss Mr. Ravin's appeal for failing to satisfy the three conditions articulated in *Williams*. As this Court only applies the *Williams* exception when an appellant meets all three of the Court's conditions, Mr. Ravin's failure to fulfil the *Williams* criteria should result in the dismissal of his appeal. *See Keel v. Wilkie*, 830 F. App'x 315, 317 (Fed. Cir. 2020) ("We will depart from this strict rule of finality when three conditions ('the *Williams* conditions') are met.") (*citing Williams*, 275 F.3d. at 1364).

The Veterans Court has authority to remand "for clarification of the facts underlying the legal issues." *See Williams*, 275 F.3d at 1365 (citing *Adams*, 256 F.3d at 1320). Here, the Veterans Court did exactly that, remanding the case to the board for factual clarification of its statement regarding the validity of Mr. Ravin's fee agreement. Appx4. Indeed, when the board fails to make the relevant initial factual findings, "the proper course for the [Veterans Court] [is] to remand the case to the [Board] for further development and application of the correct law." *Hensley v. West*, 212 F.3d 1255, 1264 (Fed. Cir. 2000).

### III. This Court Lacks Jurisdiction To Consider Mr. Ravin's Factual Arguments, And Those Arguments Fail In Any Event

Even if this Court considers the Veterans Court's non-final remand decision,

the matter would be, in any event, outside the Court's jurisdiction. Mr. Ravin spends some time discussing 38 U.S.C. § 5104A but does not identify any legal interpretation actually conducted by the Veterans Court on this statute. *See* App.'s Br. at 8-13. Here, the Veterans Court did not make any "statement of interpretation" regarding the meaning of any statute, regulation, or any other legal principle at all. *See Githens v. Shinseki*, 676 F.3d 1368, 1372 (Fed. Cir. 2012). There can be "no jurisdiction over an issue of interpretation that does not exist." *Id.*

Instead, Mr. Ravin seemingly asserts that the board's statement that it "finds the [fee] agreement to be valid, as it was properly filed with VA and contains all the required information in accordance with 38 C.F.R. § 14.636(g)," to necessarily be a favorable finding that the board also determined his fee agreement to be valid in accordance with 38 C.F.R. § 14.636(c)(2) (2008), which requires that the fee agreement be filed within a year of the promulgation of a board decision. App.'s Br. at 10-11.[5] Yet, the Veterans Court disagreed with his factual assertion and found that the board's statement was ambiguous as to whether "the Board favorably found that all the requirements for receipt of fee other than a final Board

[5] Of note here is that Mr. Ravin fails to ever cite to 38 U.S.C. § 14.636(c)(2) (2008), the determinative regulation as to whether he is entitled to attorney fees, as explained by the Veterans Court, nor does he ever contend that he has satisfied the requirements of section 14.636(c)(2)(ii) in submitting his fee agreement to VA within one year of the January 2010 Board decision. *See* Appx3.

decision had been established" or "was merely making a general comment about the nature of the fee agreement that was filed, regardless of the requirement that it be filed within a year of a Board decision." Appx4.

Put another way, the Veterans Court, for all intents and purposes, determined that the board had not provided adequate reasons or bases for its decision. Such a determination is a factual finding over which this Court lacks jurisdiction. *See Cook v. Principi*, 353 F.3d 937, 940 (Fed. Cir. 2003) (holding that the Court lacks jurisdiction to review the Veterans Court's determination that the board provided adequate reasons or bases for its decision); *Buchert v. Shinseki*, 423 F. App'x 988, 990 (Fed. Cir. 2011) ("[D]etermining whether the Board provided a sufficient statement of the reasons for its decision involves the application of law to facts . . . . [We] lack jurisdiction to review factual determinations or the application of law to fact.").

Mr. Ravin has simply disagreed with the Veterans Court's factual findings, an issue over which this Court lacks jurisdiction. *See Guillory v. Shinseki*, 669 F.3d 1314, 1320 (Fed. Cir. 2012); *Swearigan v. McDonald*, 603 F. App'x 1005, 1006 (Fed. Cir. 2015) (dismissing an appeal for lack of jurisdiction where the only issue is the appellant's "disagreement with factual findings and application of law to fact"); *Mlekoday v. Shinseki*, 545 F. App'x 974, 977 (Fed. Cir. 2013)

(concluding that this Court lacks jurisdiction over arguments which "amount to disagreements with factual findings").

Finally, notwithstanding that his arguments are beyond the Court's jurisdiction, we note that Mr. Ravin's factual arguments are wrong. Mr. Ravin asserts that the board's statement that it "finds the [fee] agreement to be valid, as it was properly filed with VA and contains all the required information in accordance with 38 C.F.R. § 14.636(g)," to necessarily be a favorable finding that the board also determined his fee agreement to be valid in accordance with 38 C.F.R. § 14.636(c)(2) (2008). He thus argues that such an alleged favorable finding cannot be changed through a remand. App's Br. at 11-12. But the board statement on which he relies makes no mention of the requirements of 38 C.F.R. § 14.636(c)(2) (2008). As Mr. Ravin notes, a finding includes "an application of law to facts made by an adjudicator." 38 C.F.R. § 3.104(c). Here, the board simply did not apply § 14.636(c)(2) to the facts of his case, and thus the board's statement is not a favorable finding binding the board on remand.

Moreover, even if the board's statement could be considered a favorable finding, Mr. Ravin is incorrect that such a finding would bind the board on remand. A finding is not binding if "rebutted by evidence that identifies a clear and unmistakable error in the favorable finding." *Id.* Mr. Ravin has not challenged the timeline articulated by the board or the Veterans Court, both of which set forth that

the fee agreement was filed in January 2012, more than one-year later than the promulgation of a board decision. Appx2; Appx126-127. Under 38 U.S.C. § 14.636(c)(2) (2008), the fee agreement must have been filed within a year of the January 2010 decision. Accordingly, even if the board did make a favorable finding and 38 U.S.C. § 5104A applied, the board would not be bound by the favorable finding as it would appear to be based on a clear and unmistakable error. In any event, the Court need not reach these fact-intensive inquiries and should instead dismiss the appeal for lack of jurisdiction.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss this appeal, or alternatively, affirm the Veterans Court decision.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Assistant Director

/s/ Kyle S. Beckrich
KYLE S. BECKRICH
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-9322
Facsimile: (202) 305-7644

*Attorneys for Appellee*

OF COUNSEL:

CHRISTA A. SHRIBER
Deputy Chief Counsel

MEGHAN D. ALPHONSO
Staff Attorney
Office of the General Counsel
U.S. Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 20420

March 10, 2023

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify under penalty of perjury that the attached brief is proportionately spaced using Microsoft Word, uses a Times New Roman typeface in 14-point font size, and, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f), contains 3943 words.

/s/ Kyle S. Beckrich