**NO. 2022-2104**

*In the*

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

# CLAIMANT-APPELLANT'S REPLY BRIEF

*Re*

**SEAN A. RAVIN,**

Claimant-Appellant,

*versus*

**DENIS MCDONOUGH,**
Secretary of Veterans Affairs,

Respondent-Appellee.

**ON APPEAL FROM THE**
**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**
**IN VET. APP. NO. 20-8608, JUDGE MICHAEL P. ALLEN.**

**KENNETH M. CARPENTER**
Carpenter, Chartered
1525 Southwest Topeka Boulevard
Post Office Box 2099
Topeka, Kansas 66601
785-357-5251

Attorney for Claimant-Appellant

## Table of Contents

Page

Table of Contents. . . . . i

Table of Authorities. . . . . ii

Arguments. . . . . 1

Summary of Rebuttal. . . . . 1

I. The Secretary's argument that Mr. Ravin's appeal does not satisfy the *Williams* criteria to establish this Court's jurisdiction to review the Veterans Court's remand decision is unavailing. . . . . 1

II. Contrary to the Secretary's assertions, Mr. Ravin's appeal does not ask this Court to review the facts or the Veterans Court's application of the facts to the applicable law. . . . . 8

III. Mr. Ravin's appeal presents a meritorious issue of law because the Veterans Court's decision to remand his appeal for further proceedings was based on its misinterpretation of 38 U.S.C. § 5104A. . . . . 17

Conclusion. . . . . 24

Certificate of Service. . . . . 25

Certificate of Compliance. . . . . 25

# Table of Authorities

**Page**

## Decisions

*Adams v. Principi*, 256 F.3d 1318 (Fed. Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Allday v. Brown*, 7 Vet. App. 517 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Deloach v. Shinseki*, 704 F.3d 1370 (Fed. Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Githens v. Shinseki*, 676 F.3d 1368 (Fed. Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gutierrez v. Principi*, 19 Vet.App. 1 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Jones v. Wilkie*, 918 F.3d 922 (2019).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Mason v. Shinseki*, 743 F.3d 1370 (Fed. Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 11

*Medrano v. Nicholson*, 21 Vet.App. 165 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Simon v. Derwinski*, 2 Vet.App. 621 (1992).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Williams v. Principi*, 275 F.3d 1361 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Willsey v. Peake*, 535 F.3d 1368 (Fed. Cir. 2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## Statutes

38 U.S.C. § 5104(b)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

38 U.S.C. § 5104A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

38 U.S.C. § 5904. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

38 U.S.C. § 5904(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

38 U.S.C. § 5904(c)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 21, 22

**Page**

38 U.S.C. § 5904(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 21, 22

38 U.S.C. § 7105A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11, 13

38 U.S.C. § 7261 (a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## Regulations

38 C.F.R. § 3.104(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

38 C.F.R. § 14.636. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

38 C.F.R. § 14.636(c)(2) (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 20, 21, 22, 23

38 C.F.R. § 14.636(c)(3) (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 23

38 C.F.R. § 14.636(c)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

38 C.F.R. § 14.636(g). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 11, 17, 21, 22

## Others

Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 401,
116 Stat. 2820, 2832 (Dec. 6, 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## Arguments

## Summary of Rebuttal

This Court should not decline to review Mr. Ravin's appeal as urged by the Secretary because it does satisfy the *Williams* criteria to establish this Court's jurisdiction to review the Veterans Court's remand decision. Also contrary to the Secretary's assertions, Mr. Ravin's appeal does not ask this Court to review the facts or the Veterans Court's application of the facts to the applicable law. On the merits, this appeal asks this Court to interpret the provisions of 38 U.S.C. § 5104A in order to determine whether the Veterans Court erred by relying upon a misinterpretation of those provisions. In accordance with the correct interpretation of § 5104A the Board in the decision appealed to the Veterans Court was bound by the favorable finding of fact made in that Board decision. Because the underlying Board decision in this matter did not abide by this favorable finding the Veterans Court's remand order was void *ab initio*. As a matter of law Mr. Ravin was entitled to a reversal of the Board's decision and an order directing the Board to instruct the Secretary to pay Mr. Ravin his attorney fee.

### I.

### The Secretary's argument that Mr. Ravin's appeal does not satisfy the *Williams* criteria to establish this Court's jurisdiction to review the Veterans Court's remand decision is unavailing.

The Secretary argues, "This Court Should Decline To Review This Non-Final

Remand Order And Should Dismiss This Appeal." *See* Sec.Brf. at 9-13[1] (argument header and argument). Obviously, Mr. Ravin disagrees. It is true that remand orders from the Veterans Court ordinarily are not appealable to this Court because they are not final decisions on the issues of a VA claimant's entitlement to VA benefits. *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001). However, the Secretary's argument fails to recognize or understand the context of this case, which is that it is Mr. Ravin's appeal. His appeal does not involve **a claimant's** appeal of a denial of VA benefits. Thus, the Secretary has overlooked the significance of this **nature** of Mr. Ravin's appeal. As a consequence the Secretary fails to appreciate that Mr. Ravin's appeal **does** satisfy the *Williams* criteria to establish this Court's jurisdiction to review the Veterans Court's decision to remand instead of reversing.

This Court has not had occasion to address the *Williams* criteria in the actual context of a case such as Mr. Ravin's, in that it is an appeal of the Secretary's denial of payment of attorney fees. This Court in *Mason v. Shinseki*, 743 F.3d 1370, 1373 (Fed. Cir. 2014), was called upon to decide whether, as here, an attorney's direct pay fee request qualified as a "simultaneously contested claim" under the provisions of 38 U.S.C. § 7105A. In *Mason* this Court held that it did, explaining its conclusion as follows:

> Direct payment of attorney fees under § 5904(d) results in lesser payments to veterans based on the award of past-due

[1] References to the Secretary's brief are cited as "Sec.Brf. at xx."

> benefits. And direct-fee requests concern contested claims: one by an attorney and one by a veteran, both directed at recovery of a portion of a payment of funds based on an award of past-due benefits. *See Scates v. Principi*, 282 F.3d 1362, 1369 (Fed.Cir. 2002) ("[A veteran], ... has a substantial, immediate and direct financial interest in [an] attorney fee claim, since the [VA]'s payments to [the attorney] will be made from the twenty percent of [the veteran's] accrued benefits that the [VA] withheld for that purpose. If less than the twenty percent is paid to [the attorney], presumably the balance will be paid to [the veteran].")

*See* 743 F.3d at 1376. Thus, only in the event that the Secretary determines that Mr. Ravin has satisfied the requirements for the direct payment of fees in this case will the interest of Mr. Skogsbergh arise in the form of a "contested" claim.[2]

In this matter, Mr. Ravin represented Mr. Skogsbergh at the Veterans Court in an appeal of an unfavorable Board decision dated January 4, 2010. Following his successful representation of Mr. Skogsbergh at the Veterans Court, whereby he secured for the

---

[2] It is Mr. Ravin's understanding that the Secretary did not withhold his fee from Mr. Skogsbergh's award of past-due benefits and instead released it directly to the veteran. As a result, should Mr. Ravin prevail in this appeal, it is the Secretary's current policy to create a debt against Mr. Skogsbergh, which will be recouped as an overpayment against his ongoing award of future VA benefits despite the fact that the "overpayment" will have been caused by the Secretary's negligence in not withholding Mr. Ravin's fee from Mr. Skogsbergh's award of past-due benefits. Therefore, Mr. Ravin has instructed counsel to inform this Court and the Secretary that, should the Secretary create such a debt to be recouped against Mr. Skogsbergh's future payments of VA benefits, upon being notified of this event he will forward the fee amount to Mr. Skogsbergh so that he can satisfy the debt created by the Secretary. Mr. Ravin's intent in bringing this appeal is not to cause any financial harm to Mr. Skogsbergh. Rather, his desire is to obtain this Court's interpretation of 38 U.S.C. § 5104A consistent with his arguments asserted in this appeal.

veteran a Memorandum Decision vacating and remanding the Board's 2010 decision, Appx48-54, both Mr. Skogsbergh and Mr. Ravin entered into a fee agreement. Appx58-60. This fee agreement, *inter alia*, provided that Mr. Ravin would continue to represent Mr. Skogsbergh before the VA in the continuing matter of his claim for VA disability compensation benefits. *Id.* Ultimately, in 2018 Mr. Skogsbergh was awarded past- due benefits. Appx90-96 and 97-104. Two fee decisions were then issued by VA, both of which denied Mr. Ravin entitlement to a fee. The basis for these adverse attorney fee decisions was that the notice of disagreement ("NOD") that initiated Mr. Skogsbergh's appeal had been filed on June 16, 2003. Appx106-110 and 111-117. Mr. Ravin appealed to the Board. Appx119-122.

On appeal, the Board issued a decision dated December 15, 2020, Appx123-132, which continued to deny Mr. Ravin a fee. This adverse decision was based upon a conclusion of law that the criteria for payment of attorney fees to the appellant based on the award of past-due benefits to Mr. Skogsbergh in a February 2018 rating decision had not been met. Appx124. The Board's decision made clear that this determination was based on the eligibility requirements specified under 38 U.S.C. § 5904(c) and 38 C.F.R. § 14.636(c)(3). Appx125. Mr. Ravin then appealed to the Veterans Court, whereupon that court correctly determined,

> As the Secretary concedes, the Board's conclusion that its January 2010 decision was not a final decision because the Court vacated it was incorrect. The law is clear that such an

> action by the Court does not render the Board's decision non-final for purposes of an award of fees. **<u>So, that resolves the question whether the Board erred. It did</u>**.

*See* Appx4 (internal footnotes omitted) (emphasis added). Mr. Ravin grounds his appeal to this Court on this specific determination articulated by the Veterans Court—a "favorable" finding—which he asserts is controlled by 38 U.S.C. § 5104A. That is, his appeal to this Court relies upon what he believes to be the correct statutory interpretation of the following unambiguous text of § 5104A, which reads as follows:

> **<u>Any finding favorable to the claimant</u>** as described in section 5104(b)(4) of this title **<u>shall be binding on all subsequent adjudicators</u>** within the Department, unless clear and convincing evidence is shown to the contrary to rebut such favorable finding.

*See* 38 U.S.C. § 5104A (emphases added). Mr. Ravin relies upon the favorable finding of fact made by the Board in its 2020 decision that his fee agreement with Mr. Skogsbergh was valid, *see* Appx126-127, as it "was **<u>properly filed with VA</u>** and **<u>contain[ed] all required information in accordance with 38 C.F.R. § 14.636(g)</u>**. *See id.* (emphasis added).

The Secretary correctly states in his brief that "*Williams* requires that the Veterans Court make 'a clear and final decision of a legal issue.'" *See* Sec.Brf. at 9 (citing *Williams*, 275 F.3d at 1365). In this case, the Veterans Court made a final decision, about which the Secretary conceded and did not further contest, that the 2020 Board's conclusion that the January 2010 Board decision was not a final decision because the Veterans Court

had vacated it, was incorrect. Appx3-4. In light of this determination and the Secretary's concession, the Veterans Court stated definitively, "[T]hat resolves the question whether the Board erred. It did." Appx4. The Veterans Court's statement here was a clear and final decision of a legal issue. That issue was whether there was a final Board decision which, as a matter of law, made Mr. Ravin eligible to charge and receive a fee for the services he performed for Mr. Skogsbergh under the provisions of 38 U.S.C. § 5904(c)(1). This was the issue Mr. Ravin appealed to the Veterans Court, which was decided by the Veterans Court in a clear and final decision. As a result, the first *Williams* criterion is met. Further, the Veterans Court's determination that the best course in this case was to remand to the Board also adversely affected Mr. Ravin. The remand was to be for the express purpose of having the Board ~~to~~ specifically address its own finding that it already had determined was favorable to Mr. Ravin, i.e., that Mr. Ravin's fee agreement was valid because it was properly filed with VA and contained **all the required information in accordance with 38 C.F.R. § 14.636(g)**. Thus, this decision to remand adversely affected Mr. Ravin by denying him a reversal of the Board's 2020 conclusion of law that "[t]he criteria for payment of attorney fees to the appellant based on the past-due benefits awarded in a February 2018 rating decision are not met." *See* Appx124 (citing 38 U.S.C. § 5904; 38 C.F.R. § 14.636.). Accordingly, as a matter of law, Mr. Ravin was entitled to a reversal of the Board's decision and not a remand. *See Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013); *see also Gutierrez v. Principi*, 19

Vet.App. 1, 10 (2004) ("[R]eversal is the appropriate remedy when the only permissible view of the evidence is contrary to the Board's decision.").

Finally, Mr. Ravin's appeal also satisfies the third *Williams* requirement. Under the correct interpretation of § 5104A the Board's finding of fact in its 2020 decision would be binding on the Board as a matter of law. Therefore, under the correct application of § 5104A, the Board would be bound by its previous finding that Mr. Ravin's fee agreement was valid because it was **properly filed with VA** and contained **all the required information in accordance with 38 C.F.R. § 14.636(g)**. Appx126-127. As a result, the Veterans Court's clear error of law in remanding Mr. Ravin's appeal would evade judicial review, the third *Williams* requirement to establish an exception to the finality doctrine. Judicial review of this issue would be thwarted because the Board, when it readjudicates the attorney-fee matter on remand, would be obligated by statute to be bound by its previous finding of fact. This would result in the payment of Mr. Ravin's fee and any need to appeal further would be moot.

In this case, as noted above, this Court is not dealing with an unresolved question of whether a claimant is entitled to VA benefits. This case is the appeal of an attorney on the sole issue of whether the criteria for direct payment of his attorney fee by the Secretary had been met. The attorney fee was earned by Mr. Ravin based on the legal services he lawfully performed that resulted in an indisputable award of past-due benefits to Mr. Skogsbergh by VA in a February 2018 rating decision. Here, based on the

Secretary's concession there was a prejudicial error made by the Board in its 2020 rating decision, the Veterans Court correctly agreed that the Board had erred. Nonetheless, the Veterans Court then relied upon a misinterpretation of § 5104A to order an unnecessary remand. Therefore, this Court must find that this appeal meets the *Williams* criteria to establish the Court's jurisdiction to review the Veterans Court's remand decision.

## II.

## Contrary to the Secretary's assertions, Mr. Ravin's appeal does not ask this Court to review the facts or the Veterans Court's application of the facts to the applicable law.

Contrary to the Secretary's flawed understanding of the nature of Mr. Ravin's appeal, he does not ask this Court to review the facts or the Veterans Court's application of the facts to the applicable law. The Secretary's assertion otherwise erroneously relies on the claim that the Veterans Court did not make any "statement of interpretation" regarding the meaning of any statute. *See* Sec.Brf. at 14 (quoting *Githens v. Shinseki*, 676 F.3d 1368, 1372 (Fed. Cir. 2012)). Whether the Veterans Court made a "statement of interpretation" is not the correct legal test. The misinterpretation and the resulting misapplication of a governing statutory provision is precisely the kind of legal issue this Court has jurisdiction to review. *See*, *e.g.*, *Willsey v. Peake*, 535 F.3d 1368, 1370-73 (Fed.Cir. 2008) (holding that a case in which the Veterans Court fails to apply the correct legal test presents "a *prima facie* legal claim and provides grounds for this Court to take jurisdiction over [it].").

As noted in Mr. Ravin's opening brief, the Veterans Court erred in its understanding and application of the provisions of § 5104A. *See* App.Brf. at 9-17.[3] This error is shown by the following passage from the decision on appeal:

> And this brings us to the disagreement between the parties. The Secretary argues that even though the Board erred when it determined the January 2010 [Board decision] did not qualify as a final decision for fee purposes, the error was harmless. He reasons that the facts are clear that appellant does not qualify for a fee under the regulation because he did not file a fee agreement at the Agency within 1 year of the January 2010 Board decision. In reply, appellant argues that the Board favorably found that the agreement was valid and properly filed, thereby preventing the Court from addressing that issue.
>
> We conclude that the Board's decision is ambiguous on the question that divides the parties. The Board stated: "The Board finds the [fee] agreement to be valid, as it was properly filed with VA and contains all the required information in accordance with 38 C.F.R. § 14.636(g)." This statement could—*could*—support appellant's view that the Board favorably found that all the requirements for receipt of fee other than a final Board decision had been established. But the statement is also consistent with the Secretary's view that the Board was merely making a general comment about the nature of the fee agreement that was filed, regardless of the requirement that it be filed within a year of a Board decision. The reality is that we can't tell. The best course is to remand this issue for the Board to specifically address it. And we remind the Board that it must fully explain its decision, including addressing its previous finding we quoted above.

---

[3] References to Mr. Ravin's opening brief are cited as "App.Brf. at xx."

*See* Appx4 (internal footnote citation to the record omitted). This reasoning shows that Veterans Court erroneously relied upon the pretext that there was a disagreement between the parties to issue an unlawful and unnecessary remand. A remand was unlawful and unnecessary because it was in direct contravention of the unambiguous mandate of Congress as expressed in 38 U.S.C. § 5104A.

In 38 U.S.C. § 5104(b)(4) Congress unambiguously directed that a claimant be informed of the "[i]dentification of findings favorable to the claimant". In conjunction with § 5104(b)(4), Congress then enacted § 5104A in 2017. In doing so, Congress clearly expressed its intent as follows:

> **<u>Any finding favorable to the claimant as described in section 5104(b)(4) of this title shall be binding on all subsequent adjudicators within the Department</u>**, unless clear and convincing evidence is shown to the contrary to rebut such favorable finding.

*See* 38 U.S.C. § 5104A (emphasis added). Thus, the intent of Congress in § 5104A could not have been more clear and manifest. The intent of Congress was to preclude subsequent VA adjudicators from abandoning or ignoring favorable findings made by VA adjudicators in prior decisions, including Board decisions. Indeed, this case presents the quintessential example of the unambiguously expressed intent of Congress.

In Mr. Ravin's appeal below the Secretary appropriately conceded error regarding the **<u>only issue</u>** in the appeal. Unfortunately, the Secretary in his zeal to minimize the impact of the concession of the Board's error, opposed reversal and requested that the

Veterans Court remand the matter, thus causing this litigation to continue unnecessarily. To achieve the goal of securing a remand the Secretary manufactured the purported disagreement with Mr. Ravin about what the Board might have meant by its favorable finding of fact. In *Mason*, *supra*, the Secretary successfully persuaded both the Veterans Court and this Court that the appeal of a fee decision by an attorney was a simultaneously contested claim under 38 U.S.C. § 7105A. Because both Courts agreed, agents and attorneys became "claimants" in fee matters, albeit as claimants in simultaneously contested claims against their clients. Thus, agents and attorneys are claimants when, as here, they are forced to appeal VA decisions that deny direct payment of fees as required by 38 U.S.C. § 5904(d). In Mr. Ravin's case, this is so even though he submitted a valid fee agreement, properly filed with VA, which **contained all required information in accordance with 38 C.F.R. § 14.636(g)**. *See* Appx126-127 (emphasis added).

Despite these circumstances, the Secretary took an adversarial litigation position which caused the Veterans Court to erroneously order a remand instead of reversing the Board's decision. Worse yet, the Veterans Court's remand order directed the Board to fully explain its favorable finding of fact in its prior fee decision. Such a remand order relies upon a misinterpretation of § 5104A. In this case, the Secretary in his Summary of the Case dated June 27, 2019, Appx111-117, made a finding favorable to, Mr. Ravin, the claimant in this appeal. That favorable finding was that the fee agreement between

Mr. Ravin and Mr. Skogsbergh was "a valid direct-pay fee agreement with the Department of Veterans Affairs (VA), requesting direct payment of 20% of your award of past-due benefits to the attorney/agent.' Appx111.

In accordance with the mandate of § 5104A that finding favorable to Mr. Ravin was "binding on all subsequent adjudicators within the Department [to include the Board], unless clear and convincing evidence is shown to the contrary to rebut such favorable finding." As a result, when the Board in its December 15, 2020 decision, Appx124-130, made the same favorable finding, Appx126-127, is was complying with the mandate of Congress in § 5104A.

The rationale of the Veterans Court that there was a possible double meaning to the Board's favorable finding of fact misinterprets the plain text of § 5104A. Congress's express purpose in enacting § 5104A obviously was to preclude just this type of second guessing or reconsideration of a finding of fact favorable to a claimant. Mr. Ravin's appeal does not require this Court to review any factual determination because the Veterans Court did not make any factual determination about the Board's favorable finding of fact regarding his fee agreement with Mr. Skogsbergh. The Veterans Court instead made a clearly erroneous conclusion "that the Board's decision is ambiguous on the question that divides the parties." Appx4. Whether the Board's decision was ambiguous in the view of the Secretary or the Veterans Court is of not moment because under the correct interpretation and application of § 5104A the Board was bound by the

favorable finding that the fee agreement was valid as made in VA's June 27, 2019 Summary of the Case. Appx111.

Congress was clear in its language in § 5104A that **only** upon a showing by clear and convincing evidence can a favorable finding be rebutted. The error of the Veterans Court is thus obvious and evident perceived "ambiguity"by the Secretary and/or the Veterans Court is not the clear and convincing evidence required by § 5104A to rebut a finding favorable to in this case Mr. Ravin.

Furthermore, the Veterans Court has long acknowledged that, pursuant to its statutory authority, it is not permitted to reverse the Board's findings of fact favorable to a claimant. *See, e.g., Medrano v. Nicholson*, 21 Vet.App. 165 (2007); *see also* 38 U.S.C. § 7261 (a)(4), *as amended by* the Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 401, 116 Stat. 2820, 2832 (Dec. 6, 2002), (Veterans Court may reverse or set aside only findings of fact "adverse to the claimant"). In this appeal, although considered to be a simultaneously contested claim under § 7105A, only Mr. Ravin participated in the challenge to the denial of his attorney fee. Mr. Skogsbergh did not intervene before the Veterans Court nor has he intervened in this appeal. Therefore, even though Mr. Skogsbergh is a potential beneficiary in this appeal if the Board's fee decision is affirmed, the Board's favorable finding of fact that Mr. Ravin submitted a valid fee agreement, Appx126-127, **was not** adverse to Mr. Skogsbergh. It was a favorable finding pertinent to Mr. Ravin's appeal, which was about the denial of the attorney fee both he and Mr.

Ravin agreed should be paid to Mr. Ravin. That the Veterans Court remanded this matter to allow the Board to determine what its finding meant was in excess of its statutory authority as much as it was a misinterpretation of § 5104A.

Additionally, the lack of viability of the Secretary's jurisdictional argument is evident from his unavailing effort to provide an alternative reading of the Veterans Court's decision. This effort to create an alternative narrative for the Veterans Court's rationale for its decision is shown by the following assertion:

> Put another way, the Veterans Court, for all intents and purposes, determined that the board **had not provided adequate reasons or bases for its decision**. Such a determination is a factual finding over which this Court lacks jurisdiction. *See Cook v. Principi*, 353 F.3d 937, 940 (Fed. Cir. 2003) (holding that the Court lacks jurisdiction to review the Veterans Court's determination that the board provided adequate reasons or bases for its decision); *Buchert v. Shinseki*, 423 F. App'x 988, 990 (Fed. Cir. 2011) ("[D]etermining whether the Board provided a sufficient statement of the reasons for its decision involves the application of law to facts . . . . [We] lack jurisdiction to review factual determinations or the application of law to fact.").

*See* Sec.Brf. at 15 (emphasis added). The creative writing this passage represents is a bridge too far.

The Veterans Court's decision to remand Mr. Ravin's appeal of the Board's denial of his attorney fee was not a "reason or bases" remand. As interpreted by the Veterans Court, the Board's statement of its reasons and bases for its findings and conclusions must be "adequate to enable a claimant to understand the precise basis for the Board's

decision, as well as to facilitate review in this Court." *See, e.g., Allday v. Brown*, 7 Vet. App. 517, 527 (1995); *see also Simon v. Derwinski*, 2 Vet.App. 621, 622 (1992). The precise basis for the Board's adverse decision in this appeal was, "The criteria for payment of attorney fees to the appellant based on the past-due benefits awarded in a February 2018 rating decision are not met." Appx124. Mr. Ravin understood that the precise basis for the Board's denial of his fee was that no NOD had been filed in the case prior to June 20, 2007. As well, the Board found there had not been a final Board decision on the issue of Mr. Skogsbergh's entitlement to a TDIU rating. Appx130. Clearly, the Veterans Court understood the same precise bases for the Board's decision when it accepted the Secretary's concession of the Board's error in the case and resolved the appeal based on that Board error. *See* Appx4 (". . . that resolves the question whether the Board erred. It did.").

Thus, the Veterans Court did **not** remand Mr. Ravin's appeal for the Board to provide an adequate statement of its reasons or bases. The Veterans Court remanded the appeal because it concluded that the Board's decision was ambiguous on a purported question it believed divided the parties. Appx4. The precise explanation articulated by the Veterans Court for its decision to remand was,

> . . . . The Secretary argues that even though the Board erred when it determined the January 2010 did not qualify as a final decision for fee purposes, the error was harmless. He reasons that the facts are clear that appellant does not qualify for a fee under the regulation because he did not file a fee

> agreement at the Agency within 1 year of the January 2010 Board decision. In reply, appellant argues that the Board favorably found that the agreement was valid and properly filed, thereby preventing the Court from addressing that issue.
>
> We conclude that the Board's decision is ambiguous on the question that divides the parties. The Board stated: "The Board finds the [fee] agreement to be valid, as it was properly filed with VA and contains all the required information in accordance with 38 C.F.R. § 14.636(g)." This statement could—*could*—support appellant's view that the Board favorably found that all the requirements for receipt of fee other than a final Board decision had been established. But the statement is also consistent with the Secretary's view that the Board was merely making a general comment about the nature of the fee agreement that was filed, regardless of the requirement that it be filed within a year of a Board decision. The reality is that we can't tell. The best course is to remand this issue for the Board to specifically address it. And we remind the Board that it must fully explain its decision, including addressing its previous finding we quoted above.

*Id.* This explanation does not describe a reasons or based remand. It was a remand based upon a purported ambiguity in the Board's finding of fact about the validity of Mr. Ravin's fee agreement with Mr. Skogsbergh that was binding on the Veterans Court pursuant to § 5104A.

In sum, Mr. Ravin's appeal cannot be dismissed as a mere disagreement with the Board's and Veterans Court's factual findings. His appeal presents a pure question of statutory interpretation. Therefore, the Secretary's jurisdictional argument is without merit and must be rejected by this Court. The Secretary concludes this argument with

the following proposition:

> Mr. Ravin asserts that the board's statement that it "finds the [fee] agreement to be valid, as it was properly filed with VA and contains all the required information in accordance with 38 C.F.R. § 14.636(g)," to necessarily be a favorable finding that the board also determined his fee agreement to be valid in accordance with 38 C.F.R. § 14.636(c)(2) (2008).

Sec.Brf. at 16. To be clear, Mr. Ravin's contention in this appeal is that the Board's finding that his fee agreement with Mr. Skogsbergh was valid negated, as a matter of law, any basis for the Veterans Court's remand order. No other conclusion is reasonable because the Board explicitly found the fee agreement had been properly filed with VA and contained all the required information in accordance with 38 C.F.R. § 14.636(g). Appx126-127. To further clarify, as will be more fully developed in the next section of this brief, Mr. Ravin **does not** argue that his fee agreement was valid in accordance with 38 C.F.R. § 14.636(c)(2) (2008). To the contrary, his fee agreement was valid in accordance with 38 C.F.R. § 14.636(c)(3) (2008).

**III.**

**Mr. Ravin's appeal presents a meritorious issue of law because the Veterans Court's decision to remand his appeal for further proceedings was based on its misinterpretation of 38 U.S.C. § 5104A.**

The only reference made by the Secretary to the question of statutory interpretation presented by Mr. Ravin's appeal was the following inexplicable declaration:

> . . . even if the board did make a favorable finding and 38 U.S.C. § 5104A applied, the board would not be bound by the favorable finding **as it would appear to be based on a clear and unmistakable error**.

*See* Sec.Brf. at 16 (emphasis added). The Secretary's "even if" argument is incomprehensible to Mr. Ravin. The Secretary declares it without ever addressing the merits of the question of statutory interpretation this appeal presents. For instance, the Secretary does not bother to inform this Court of what he believes Congress meant when it enacted § 5104A. Nor does the Secretary even explain how he interprets this statute or even if it applies in this case. Further, the Secretary does not explain, upon the Veterans Court's decision to remand, why the Board would not be bound by its own previously made favorable finding of fact that Mr. Ravin's fee agreement was valid because it was "properly filed with VA and contains all required information in accordance with 38 C.F.R. § 14.636(g)." Appx126-127.

In the end, after rendering the foregoing nonresponsive predicate, the Secretary then audaciously suggests that "the board would not be bound by the favorable finding" anyway "as it would appear to be based on a clear and unmistakable error." Sec.Brf. at 16. For at least three reasons the Secretary's bald assertion should be rejected by the Court out of hand. First, the legal standard Congress imposed in § 5104A to release a VA adjudicator or Board member from the binding nature of a prior favorable finding of fact is "clear and convincing evidence." Second, as discussed in Mr. Ravin's opening

brief (at 11), in the regulation the Secretary promulgated to implement § 5104A the standard Congress provided for, "clear and convincing evidence", was increased to an even higher legal standard. That is, the Secretary has determined that a favorable finding of fact cannot be overturned "**unless rebutted by evidence that identifies a clear and unmistakable error in the favorable finding**." *See* 38 C.F.R. § 3.104(c) (emphasis added). Third, in addition, as also discussed in Mr. Ravin's opening brief (at 11), the Secretary expressly provided a clear definition of what constitutes a "favorable finding". The favorable finding in Mr. Ravin's case easily comports with this definition. This regulatory definition is as follows:

> For purposes of this section, **a finding means a conclusion either on a question of fact or on an application of law to facts made by an adjudicator concerning the issue(s) under review**.

*Id.* (emphasis added). The fact the favorable finding in Mr. Ravin's case comports with the regulation definition of such a finding further undermines the Secretary's clear and unmistakable error argument.

Thus, the Secretary baldly declares, without reference to or discussion of his own regulation at § 3.104(c), that "even if the board did make a favorable finding and 38 U.S.C. § 5104A applied, the board would not be bound by the favorable finding as it would appear to be based on a clear and unmistakable error". *See* Sec.Brf. at 16. In doing so the Secretary comes perilously close to misleading this Court. The Secretary's

bald declaration omits any discussion of his own interpretation of the statute and the regulatory requirements concerning the rebutting of a favorable finding of fact while not hesitating to suggest to this Court that the Board on remand would not be bound by the favorable finding because "it would appear to be based on a clear and unmistakable error." The Secretary's discussion here is not an accurate representation of the applicable law as discussed by Mr. Ravin in his opening brief.

The Secretary also claims that "the board statement on which he [Mr. Ravin] relies makes no mention of the requirements of 38 C.F.R. § 14.636(c)(2) (2008)." Sec.Brf. at 16. The Secretary's claim that the Board's favorable finding of fact makes no mention of the requirements of 38 C.F.R. § 14.636(c)(2) (2008) is correct. However, this fact is neither relevant nor dispositive. The Secretary again goes to far when he represents to this Court that,

> Here, the board simply did not apply § 14.636(c)(2) to the facts of his case, and thus the board's statement is not a favorable finding binding the board on remand.

*Id.* First, Mr. Ravin did not argue in his opening brief that the Board had applied § 14.636(c)(2) to the facts of his case. Second, Mr. Ravin relies only on the Board's favorable finding of fact regarding the validity of his fee agreement. To reiterate, this favorable finding was that,

> The Board finds the agreement to be valid, as it was properly

> filed with VA and contains all required information in accordance with 38 C.F.R. § 14.636(g).

Appx126-127. The Secretary thus suggests in error that, because that Board's favorable finding of fact did not expressly state it was applying § 14.636(c)(2), this omission in some way nullifies the favorable nature of the Board's finding of fact that Mr. Ravin does rely upon. This simply is not the case and again the Secretary comes perilously close to misleading this Court.

The Secretary's argument is misleading because it obscures the differences between an attorney's eligibility to charge and receive a fee under the provisions of 38 U.S.C. § 5904(c)(1), which is addressed by the Secretary in the provisions of 38 C.F.R. § 14.636(c)(2), and the fee agreement validity requirements set out by statute in 38 U.S.C. § 5904(d), which the Secretary has addressed in 38 C.F.R. § 14.636(g). Understanding the differences between these provisions of law and regulation is required in order to recognize the full scope of the Board's favorable finding of fact. The Secretary's reliance upon the Board's failure to explicitly cite to C.F.R. § 14.636(c)(2) is misplaced. That provision was the basis for the Secretary's concession of error made before the Veterans Court. Although this concession was correct, apparently it was not correctly understood by the Secretary as expressed in his brief.

For example, the Secretary's brief represents to this Court the erroneous

conclusion that,

> Under 38 U.S.C. [sic] § 14.636(c)(2) (2008), the fee agreement must have been filed within a year of the January 2010 decision. Accordingly, even if the board did make a favorable finding and 38 U.S.C. § 5104A applied, the board would not be bound by the favorable finding as it would appear to be based on a clear and unmistakable error. In any event, the Court need not reach these fact-intensive inquiries and should instead dismiss the appeal for lack of jurisdiction.

Sec.Brf. at 17. The Secretary's conclusion he represents to this Court that—"[a]ccordingly, even if the board did make a favorable finding and 38 U.S.C. § 5104A applied, the board would not be bound by the favorable finding as it would appear to be based on a clear and unmistakable error"—*see id.*, is categorically wrong. In all sincerity, and without any intention to malign the Secretary and his counsel, Mr. Ravin affords them the benefit of the doubt regarding whether this Court is being misled. Mr. Ravin recognizes and appreciates that this matter involving the correct interpretation and application of § 5104A is as complicated as it is confusing. Resolution of this issue is precisely why he brought this appeal. Based on the portions of the Secretary's brief referenced above, it is readily apparent the Secretary has misunderstood the affect the Board's error has in this matter. This error was conceded by the Secretary before the Veterans Court. The Board's favorable finding of fact upon which this appeal lies must be recognized as dispositive in light of what Congress has dictated in 38 U.S.C. § 5104A.

It is Mr. Ravin's view of these proceedings and the applicable provisions of law and regulation that the Board's error, as was conceded before the Veterans Court, Appx4, involved the provisions of 38 U.S.C. § 5904(c)(1) as implemented by the Secretary in 38 C.F.R. § 14.636(c)(2). Whereas, the provisions of law and regulation that apply to the Board's favorable finding of fact are 38 U.S.C. § 5904(d), as implemented by the Secretary in 38 C.F.R. § 14.636(g). The former set out the requirements for an attorney's entitlement to charge and receive a fee for services performed for a claimant. The latter set out a more narrow set of requirements and apply only to a fee agreement under the statute. Moreover, when, as here, there has been a favorable finding that the fee agreement contains all required information in accordance with 38 C.F.R. § 14.636(g), the Secretary is required to withhold from the claimant's award of past-due benefits the fee called for in that fee agreement.

In this case, as discussed above, the Board's error in its December 15, 2020 decision (Appx122-130) was its determination that the Veterans Court's decision in Mr. Skogsbergh's appeal of the January 2010 Board decision (Appx14-42) was not a final Board decision—under the provisions of 38 C.F.R. § 14.636(c)(2)—regarding ~~on~~ the issue of Mr. Skogsbergh's entitlement to a TDIU rating. This was not the applicable attorney-fee provision in this case. The applicable attorney fee provision was 38 C.F.R. § 14.636(c)(3). Upon application of the latter provision, once the Secretary conceded error and the Veterans Court accepted the concession as correct, Mr. Ravin's appeal was

fully resolved. Therefore, but for the Veterans Court's misinterpretation and resulting misapplication of 38 U.S.C. § 5104A, reversal of the Board's 2020 decision was required as a matter of law.

The decision of the Veterans Court to forego reversal and instead remand for the Board to explain the meaning of its favorable finding of fact was a clear and prejudicial error. This Court has held that it is in a position to decide the legal issue presented by an appellant concerning whether the Veterans Court applied the correct legal standard. *See Jones v. Wilkie*, 918 F.3d 922, 925-926 (2019). In this case, the correct legal standard pertained to the binding effect of a favorable finding of fact made by a VA adjudicator on all subsequent adjudicators. Under this legal standard, the decision to of the Veterans Court to remand was void *ab initio*. There is no other permissible interpretation of the unambiguous language of § 5104A.

**Conclusion**

For the foregoing reasons, as well as for the reasons stated in Mr. Ravin's opening brief, the Court should determine that this appeal meets the *Williams* test as an exception to the finality requirement and that its authority to review his appeal has been established. Further, on the merits, this Court must reverse the Veterans Court's decision to remand, and instruct the Veterans Court in turn to reverse the Board's Order denying Mr. Ravin the fee called for in his fee agreement with Mr. Skogsbergh. Finally, the Veterans Court should be instructed to direct the Board to instead order the

Secretary to pay Mr. Ravin the fee called for in his fee agreement because it is valid and controlling as a matter of law.

Respectfully Submitted,

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

Attorney for Claimant-Appellant

**Certificate of Service**

I certify that on the 30th day of May, 2023, the foregoing reply brief was electronically filed through CM/ECF system with the Clerk, United States Court of Appeals for the Federal Circuit. Copies of the document were served through the Court's CM/ECF system via the Notice of Docket Activity to:

Kyle Beckrich, Esq.
Department of Justice
Civil Division, Commercial Litigation Branch
kyle.beckrich@usdoj.gov

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251

carpgh@mindspring.com

## Certificate of Compliance

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, Appellant's counsel certifies that this Reply Brief complies with the Court's type-volume limitation rules. This brief was printed in Garamond font at 14 points. According to the word-count calculated, using WordPerfect v.X6, this Brief contains a total of 6506 words, which is within the 7,000 word limit.

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com