# United States Court of Appeals for the Federal Circuit

---

**SEAN A. RAVIN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-2104

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-8608, Judge Michael P. Allen.

---

Decided: July 18, 2024

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

AUGUSTUS JEFFREY GOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by KYLE SHANE BECKRICH, BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; MEGHAN ALPHONSO, CHRISTA A. SHRIBER, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, DYK, and REYNA, *Circuit Judges*.

DYK, *Circuit Judge*.

Sean Ravin appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") vacating a decision of the Board of Veterans' Appeals ("Board") that denied attorneys' fees. The Veterans Court remanded to the Board for clarification as to whether all the requirements for a fee award were met. We hold that the Veterans Court's decision was non-final, and we therefore dismiss the appeal.

BACKGROUND

The underlying issue in this case concerns Mr. Ravin's right to attorneys' fees for representing Curtis D. Skogsbergh, a veteran claiming disability benefits. The award of fees in veterans benefit cases is governed by 38 C.F.R. § 14.636. Section 14.636(c)(3)[1] provides:

> In cases in which a Notice of Disagreement was filed on or before June 19, 2007, agents and attorneys may charge fees only for services provided after both of the following conditions have been met:
>
> > (i) A final decision was promulgated by the Board with respect to the issue, or issues, involved in the appeal; and
> >
> > (ii) The agent or attorney was retained not later than 1 year following the date that the decision by the Board was promulgated. . . .

Section 14.636(g) provides:

---

[1] The version of the regulation in effect at the time of the proceedings in this case was located at 38 C.F.R. § 14.636(c)(2) (2008), and has identical language to the current version of the regulation.

> Fee agreements. All agreements for the payment of fees for services of agents and attorneys . . . must be in writing and signed by both the claimant or appellant and the agent or attorney.
>
> > (1) To be valid, a fee agreement must include the following:
> >
> > > (i) The name of the veteran,
> > >
> > > (ii) The name of the claimant or appellant if other than the veteran,
> > >
> > > (iii) The name of any disinterested third-party payer . . . and the relationship between the third-party payer and the veteran, claimant, or appellant,
> > >
> > > (iv) The applicable VA file number, and
> > >
> > > (v) The specific terms under which the amount to be paid for the services of the attorney or agent will be determined.

In July 1970, the Department of Veterans Affairs ("VA") granted Mr. Skogsbergh (then not represented by counsel) a 10% disability service connection for lumbosacral strain. In July 2002, a VA regional office ("RO") increased the disability rating to 20%. The veteran disagreed with this decision. During the appeal to the Board, he submitted a statement to the RO concerning the effect of his disability on his ability to work. The RO treated the veteran's statement as a claim for a total disability rating based on individual unemployability ("TDIU"). In May 2007, while the appeal to the Board was still pending, the RO denied entitlement to TDIU, which raised the question whether TDIU should be treated as part of the pending Board appeal or as a separate ruling on a new claim.

In January 2010, the Board issued a decision in the veteran's administrative appeal denying an increased rating for his lumbosacral strain. The Board did not address TDIU. Still acting pro se, the veteran appealed the Board's decision to the Veterans Court.

In October 2010, Mr. Ravin was retained by Mr. Skogsbergh and entered his appearance with the Veterans Court as an "attorney without charge." J.A. 45. Mr. Ravin represented Mr. Skogsbergh in the appeal before the Veterans Court. In December 2011, the Veterans Court vacated the Board's decision, holding that the Board erred by not addressing TDIU.[2] In January 2012, Mr. Ravin and the veteran filed VA Form 21-22a, Appointment of Individual as Claimant's Representative, and a fee agreement with the VA. In July 2012, the Board remanded the TDIU claim to the RO.

In February 2018, the RO granted TDIU effective June 9, 2005. The past-due benefits totaled $193,196.16, and the RO withheld 20% of that amount ($38,361.91) for potential payment to Mr. Ravin as attorneys' fees. However, in June 2019, the RO sent Mr. Ravin a letter denying him attorneys' fees and released the withheld $38,361.91 to the veteran. Mr. Ravin appealed to the Board.

In an order dated December 15, 2020, the Board, rejecting Mr. Ravin's appeal, explained that:

---

[2] The Veterans Court explained that "a request for TDIU . . . is not a separate claim for benefits, but rather involves an attempt to obtain an appropriate rating for a disability or disabilities." J.A. 52 (quoting *Rice v. Shinseki*, 22 Vet. App. 447, 453 (2009)). It held that "the May 2007 decision did not bifurcate the issue of TDIU from the appellant's increased compensation claim" and thus the Board should have addressed TDIU in its January 2010 decision. J.A. 53.

> [A]ttorneys may charge fees only for services provided after both of the following conditions have been met: (i) A final decision was promulgated by the Board with respect to the issue, or issues, involved in the appeal; and (ii) the agent or attorney was retained not later than 1 year following the date that the decision by the Board was promulgated.

J.A. 125 (citing 38 C.F.R. § 14.636(c)(3)). The Board found that the Board's January 2010 decision "was not a final Board decision on the issue of entitlement to a TDIU" because it had been vacated. J.A. 129. But the Board decided that the requirements of section 14.636(g) were satisfied, finding the fee "agreement to be valid, as it was properly filed with VA and contains all required information in accordance with 38 C.F.R. § 14.636(g)." J.A. 126–27. The Board made no specific reference to the 1-year requirement, which is not in part (g), but in part (c)(3)(ii). The Board ultimately denied Mr. Ravin's attorneys' fees for not satisfying part (c)(3)(i).

Mr. Ravin appealed to the Veterans Court. The Veterans Court held that "the Board's conclusion that its January 2010 decision was not a final decision because the Court vacated it was incorrect" because "[t]he law is clear that such an action by the Court does not render the Board's decision non-final for purposes of an award of fees." J.A. 4. However, the Veterans Court found the Board's decision ambiguous as to whether "all the requirements for receipt of fee[s] other than a final Board decision had been established," including "the requirement that [the fee agreement] be filed within a year of a Board decision." *Id.* The Veterans Court vacated and remanded to the Board.

Mr. Ravin appeals.

## DISCUSSION

"This court's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). While the statute (35 U.S.C. § 7292) does not articulate a finality requirement, we have declined to review non-final orders of the Veterans Court. *See, e.g.*, *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002). We have concluded that finality is a jurisdictional requirement. *Chavez v. McDonough*, 98 F.4th 1369, 1372 (Fed. Cir. 2024). There is an exception to the rule of finality, however, which is described in *Williams*:

> [W]e will depart from the strict rule of finality when the [Veterans Court] has remanded for further proceedings only if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Williams*, 275 F.3d at 1364 (footnotes omitted). We have repeatedly held that the Veterans Court's remand decisions are typically non-final. *See Winn v. Brown*, 110 F.3d 56, 57 (Fed. Cir. 1997). Mr. Ravin argues this is not a typical case and that he had a right to a decision without remand. He contends that the Veterans Court's decision is thus final under cases such as *Adams v. Principi*, 256 F.3d 1318, 1321 (Fed. Cir. 2001), and *Chavez v. McDonough*, 98 F.4th 1369, 1372 (Fed. Cir. 2024).

Mr. Ravin argues that the first prong of the *Williams* test is satisfied. For a final decision, he first points to the Veterans Court's conclusion that the Board erred in finding

its January 2010 decision was not a final decision. Mr. Ravin also argues that this "determination was separate from the Veterans Court's remand order." Appellant's Principal Br. at 8.

This is not the type of decision contemplated by prong one. The "final decision of a legal issue" must be a final decision of the issue sought to be reviewed—here, whether all the requirements for award of fees were met. There is no final decision regarding that question, which was remanded to the Board. The fact that there is a final decision of some other issue—that the Board erred in finding its January 2010 decision was non-final—does not satisfy prong one of *Williams*.

Mr. Ravin alternatively contends that the decision to remand was itself a final decision of a relevant issue—Mr. Ravin's entitlement to a reversal without remand under 38 U.S.C. § 5104A. The statute provides that "[a]ny finding favorable to the claimant as described in section 5104(b)(4) of this title shall be binding on all subsequent adjudicators within the Department, unless clear and convincing evidence is shown to the contrary to rebut such favorable finding." 38 U.S.C. § 5104A. Mr. Ravin contends that the Board made the favorable finding that Mr. Ravin's fee agreement was valid, which was binding on all subsequent adjudicators under 38 U.S.C. § 5104A, making a remand improper. The Veterans Court, however, concluded that the Board's ruling was ambiguous which made a remand to the Board for clarification necessary.

Mr. Ravin contends that the Veterans Court should have reversed the Board's decision and found that the fee agreement was valid, evidently asking us to set aside the Veterans Court's finding of ambiguity. He contends that "there can be no question that § 5104A would directly govern the remand proceedings and, if reversed by this court, would render the remand proceedings unnecessary," thus

satisfying prong one of *Williams*. Appellant's Principal Br. at 8.

To satisfy prong one, Mr. Ravin must raise a colorable claim to a right to a decision without remand in order to establish jurisdiction, as we have held in other contexts. *See Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013) ("This court has jurisdiction to review the CAVC's decision whether to grant a mandamus petition that raises a non-frivolous legal question . . . ."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006) ("A plaintiff properly invokes [federal question] jurisdiction when she pleads a colorable claim 'arising under' the Federal Constitution or laws."); *Seaboard Air Line Ry. v. Padgett*, 236 U.S. 668, 671 (1915) ("[T]he general rule controls that power to review cannot arise from the mere assertion of a formal right when such asserted right is so wanting in foundation and unsubstantial as to be devoid of all merit and frivolous."). Mr. Ravin has not done so here.

Mr. Ravin contends that here, as in *Adams*, 256 F.3d at 1321, there is jurisdiction because "the remand in this matter deprives Mr. Ravin of his right to a decision in his favor on the record as it now stands." Appellant's Principal Br. at 8. He also relies on *Chavez*, where the veteran claimed "that when the Board fails to provide adequate reasons or bases in support of its decision that a disability rating was reduced in accordance with law, the Veterans Court is legally compelled to reverse the Board outright and may not remand the case to the Board for further proceedings." 98 F.4th at 1373; *see also Deloach v. Shinseki*, 704 F.3d 1370, 1376 (Fed. Cir. 2013). We held that jurisdiction existed. But those cases, while agreeing that our court had jurisdiction, rejected the contention that there was a right to a determination of the Veterans Court without remand.

Congress has expressly authorized the Veterans Court "to affirm, modify, or reverse a decision of the Board or to

remand the matter, as appropriate." 38 U.S.C. § 7252(a). We have held that "[t]here is no force to [an] argument that the Veterans Court was not authorized to remand the case to the Board for an explanation of its ruling, which the court regarded as necessary to permit effective judicial review of the Board's decision." *Chavez*, 98 F.4th at 1375.[3]

That a remand is unnecessary does not make it improper. Just as a remand for clarification was proper in *Chavez* and *Adams*, it is appropriate here. There is no statute or regulation that restricts the Veterans Court's power to remand for clarification, and section 5104A cannot support such an argument any more than 38 C.F.R. § 3.343, the regulation involved in *Chavez*, or 38 U.S.C. § 111, the statute involved in *Adams*, could support such an argument. In *Chavez* and *Adams*, we held there was no right to a decision without remand. In light of our decisions in *Chavez* and *Adams*, there can no longer be a colorable argument here that remands for clarification are improper or that Mr. Ravin is entitled to a decision without remand. We therefore lack jurisdiction.

**DISMISSED**

COSTS

No costs.

---

[3] "[W]e disagree with [the veteran's] underlying contention that the Veterans Court is barred from remanding this case to the Board for further proceedings. The court is authorized by statute to 'affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.'" *Adams*, 256 F.3d at 1321–22 (quoting 38 U.S.C. § 7252(a)) (emphasis removed); *see also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).